The STATE of Ohio, Appellee,

v.

WILEY, Appellant.

[Cite as *State v. Wiley*, 148 Ohio App.3d 82, 2002-Ohio-460.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 3204–M.

Decided Feb. 6, 2002.

Dean Holman, Medina County Prosecuting Attorney, and Joseph F. Salzgeber, Assistant Prosecuting Attorney, for appellee.

Harvey B. Bruner and Bret Jordan, for appellant.

SLABY, Presiding Judge.

{¶ 1} Defendant, Neil R. Wiley, appeals from the judgment of the Medina County Court of Common Pleas, which increased his sentence after he violated the terms of his judicial release. We reverse.

{¶ 2} On May 13, 1997, in case number 97CR0114, the Medina County Grand Jury indicted defendant for one count of aggravated robbery, in violation of R.C. 2911.01. Subsequently, in case number 97CR0178, the grand jury indicted defendant for three additional counts of aggravated robbery. Defendant entered a plea of no contest to the charges. The trial court found defendant guilty and sentenced him to a prison term of three years on each of the four counts, to run concurrently with each other. Further, in both cases, the court notified defendant that post-release control was mandatory up to a maximum of five years.

{¶ 3} On September 16, 1998, defendant moved for judicial release pursuant to R.C. 2929.20. Following a hearing, the trial court granted defendant's motion and placed him on community control for five years. On August 27, 1999, defendant's probation officer filed a complaint, which stated that defendant had tested positive for marijuana, in violation of the terms of his community control. On November 27, 2000, the trial court issued a capias warrant for the arrest of defendant for his failure to report to the probation department. Subsequently, the probation officer filed a second complaint, which stated that defendant had failed to report to the Adult Probation Department, in violation of the terms of his community control. Specifically, the complaint alleged that defendant last reported on August 26, 1999.

{¶ 4} After police arrested defendant, the trial court held a hearing where defendant admitted to the violations. The court found defendant to be a "probation violator" and sentenced him to a prison term of four years on each of the four counts of aggravated robbery, to be served concurrently with each other. Thus, defendant's new sentence was four years. The trial court gave defendant no credit for any time previously served. Defendant timely appealed, raising two assignments of error, which we have consolidated for ease of review.

## ASSIGNMENT OF ERROR I

{¶ 5} "The trial court erred to the prejudice of [defendant] when it imposed sentences for [defendant's] probation violations that were longer than the original sentences."

## ASSIGNMENT OF ERROR II

{¶ 6} "The trial court erred to the prejudice of [defendant] by not allowing [defendant] credit for time previously served."

{¶ 7} In defendant's first assignment of error, he contends that the trial court erred in sentencing him to a longer prison term for his violation of the conditions of his judicial release than the prison term imposed for his original sentence. In his second assignment of error, defendant argues that the trial court erred in failing to give him credit for the prison time he previously served in these cases. We agree with both contentions.

{¶ 8} R.C. 2929.20 governs the granting of judicial release and the revocation thereof in the event that a defendant violates a condition of the release. A defendant who has been granted judicial release has previously been ordered to serve a prison term as part of the original sentence. "R.C. 2929.20(B) provides that upon motion, the trial court may reduce the eligible offender's stated prison term, *i.e., the original prison sentence,* through early judicial release." *State v. McConnell* (2001), 143 Ohio App.3d 219, 222, 757 N.E.2d 1167. R.C. 2929.20(I) provides:

{¶ 9} "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and *shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense."* (Emphasis added.)

{¶ 10} In the event that the trial court grants a motion for judicial release, R.C. 2929.20(I) allows the court to, in effect, suspend the remainder of the prison sentence until the defendant either completes the maximum five-year term of community control or violates the conditions of release. *McConnell,* 143 Ohio App.3d at 223, 757 N.E.2d 1167. See, also, *State v. Fugate* (Nov. 13, 2000), Butler App. No. CA2000–02–031, 2000 WL 1708508; *State v. Gardner* (Dec. 1, 1999), Union App. No. 14–99–24, 1999 WL 1075424. If the offender violates the conditions of release, the statute provides that the court may reinstate the original prison sentence with credit given for time already served. R.C. 2929.20(I); *McConnell,* 143 Ohio App.3d at 224–225, 757 N.E.2d 1167. See, also, *State v. Jackson* (June 25, 2001), Butler App. No. CA2000–03–045, 2001 WL 705640, citing R.C. 2929.20(I) (finding that when a defendant violates the conditions of early judicial release, the original prison sentence is to be reinstated with credit for time already served). The defendant may receive an increase in the prison time if the court decides to order a consecutive sentence upon conviction

for a new offense stemming from the violation. R.C. 2929.20(I); *McConnell,* 143 Ohio App.3d at 224, 757 N.E.2d 1167.

{¶ 11} We note that defendant challenges the trial court's compliance with R.C. 2929.15. The rules regarding judicial release should not be confused with the sections of the Revised Code dealing with a violation of an original sentence of community control. See R.C. 2929.20 and 2929.15. Although the language of R.C. 2929.20(I) contains the term "community control" in reference to the status of an offender when granted judicial release, R.C. 2929.15(B) unmistakably includes only those offenders who were initially sentenced to community control. Consequently, contrary to defendant's argument, R.C. 2929.15 is inapplicable to the instant case.

{¶ 12} Here, defendant committed a new offense, which resulted in a violation of the conditions of his judicial release. Specifically, defendant admitted that he possessed and smoked marijuana during the period of his community control. There is no indication that the trial court sentenced defendant for this offense. The record indicates that following defendant's violation, the trial court imposed a four-year prison term on the original charges, rather than reinstating the original three-year sentence with credit for time served, as required by R.C. 2929.20(I).

{¶ 13} In light of the foregoing, we find that the trial court erred in discarding defendant's original three-year sentence with credit for time served, and imposing a four-year prison term on the 1997 convictions. Accordingly, we sustain defendant's first and second assignments of error.

{¶ 14} Insofar as this court's prior decision announced in *State v. Hollingsworth* (Jan. 17, 2001), Wayne App. No. 00CA0016, 2001 WL 39593, is inconsistent with the principles set forth in our opinion announced today, that case is overruled.

{¶ 15} Defendant's two assignments of error are sustained. The judgment of the Medina County Court of Common Pleas is reversed, and the cause is remanded for resentencing in accordance with this opinion.

Judgment reversed
and cause remanded.

BAIRD, J., concurs.

CARR, J., concurs in judgment only.