JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Joseph Hardy ("Hardy"), appeals the trial court's imposition of an increased prison sentence upon termination of his judicial release. For the following reasons, we reverse and remand for resentencing.
 {¶ 2} On May 15, 2002, Hardy pled guilty to workers compensation fraud and attempted workers compensation fraud. On June 10, 2002, Hardy was sentenced to five years community control, placed on intensive supervised probation, subjected to weekly urinalysis, and ordered to pay restitution. At his sentencing, the trial court advised Hardy that if he violated the terms of his community control, he would face concurrent prison terms of 18 and 12 months. On August 26, 2002, Hardy was found in violation of the terms of his community control. As a result, the trial court sentenced him to concurrent prison terms of 18 and 12 months.
 {¶ 3} On October 29, 2002, Hardy returned to the trial court from prison for a judicial release hearing. At the judicial release hearing, the trial court sentenced Hardy to five years community control, with the same conditions placed on him previously. However, the trial court advised Hardy that if he violated the terms of his community control, he would face a consecutive prison term of 30 months. On July 16, 2003, Hardy was found in violation of the terms of his community control and the trial court sentenced him to consecutive prison terms of 17 and 11 months, totaling 28 months. Hardy now appeals, asserting that the increased prison term after his judicial release violates double jeopardy.
 {¶ 4} R.C. 2929.20(I) provides in pertinent part:
 {¶ 5} "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense."
 {¶ 6} The plain, unambiguous language set forth in R.C.2929.20(I) permits a trial court to merely reinstate the reduced, original prison term upon a violation of the conditions of early judicial release. Indeed, the offender can only experience an increase in prison time if the court decides to order a consecutive sentence upon conviction for a new offense stemming from the violation. See R.C. 2929.20(I); State v. Dalton,153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509; State v.Wiley, 148 Ohio App.3d 82, 2002-Ohio-460, 772 N.E.2d 160; Statev. McConnell, 143 Ohio App.3d 219, 2001-Ohio-2129,757 N.E.2d 1167.
 {¶ 7} Because Hardy was not before the trial court on a new conviction stemming from his violation of judicial release, the trial court was limited to reimposing the reduced, original concurrent prison terms of 18 and 12 months, with credit to Hardy for time already served. Thus, the trial court's imposition of the 17 and 11 month consecutive prison terms is reversed and remanded for resentencing.
 {¶ 8} Judgment reversed and remanded for resentencing.
 {¶ 9} This cause is reversed and remanded for resentencing for proceedings consistent with this opinion.
 Celebrezze, Jr., and Calabrese, JR., JJ., concur.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.