DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Miles Davis appeals from the Lorain County Court of Common Pleas, which ordered a jail sentence for violation of community control to run consecutively to an otherwise unrelated prison sentence. We reverse.
 {¶ 2} On August 20, 2003, Mr. Davis was indicted for domestic violence in violation of R.C. 2919.25(A), a fifth degree felony, and assault in violation of R.C. 2903.13(A), a first degree misdemeanor. Mr. Davis pled guilty, and the court sentenced him to three years of community control. On July 25, 2004, Mr. Davis was indicted for felonious assault for an unrelated incident, ultimately pled guilty, and was sentenced to two years of incarceration in state prison. Meanwhile, Mr. Davis was charged with violating his community control and returned to court for a hearing. Upon finding that he had violated his community control, the court sentenced Mr. Davis to six months in county jail, pursuant to R.C.2929.16(A), and specifically ordered that it run consecutive to the pending prison sentence. Mr. Davis timely appealed, asserting a single assignment of error for review.
 Assignment of Error
"THE TRIAL COURT ERRED PURSUANT TO 2929.41 BY SENTENCING APPELLANT TO A CONSECUTIVE JAIL TERM FOR A VIOLATION OF COMMUNITY CONTROL." [sic]
 {¶ 3} Mr. Davis alleges that the trial court erred by ordering the jail sentence to run consecutive to the previously ordered prison term. The State agrees and concedes that the order should be remanded for resentencing. We agree.
 {¶ 4} "[T]he six-month maximum jail sentence authorized by R.C.2929.16(A)(2) is not an exception identified in R.C. 2929.41(A) and, therefore, is subject to the general rule that `a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment.'" State v. Barnhouse, 102 Ohio St.3d 221, 2004-Ohio-2492, at ¶ 16, quoting R.C. 2929.41(A). Therefore, the six-month jail sentence that was imposed in this case pursuant to R.C. 2929.16(A)(2) must run concurrent with the previously ordered prison term, unless an exception to R.C. 2929.41(A) was otherwise satisfied. No exceptions were identified. Accordingly, the court's order that the sentence run consecutively was in error.
 {¶ 5} Mr. Davis' sole assignment of error is sustained. The decision of the Lorain County Court of Common Pleas is reversed and the cause is remanded for resentencing.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J. Moore, J. Concur
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)