OPINION
{¶ 1} Defendant-Appellant, Randy Wayne Smith, Jr., appeals the April 10, 2006, judgment of the Union County Court of Common Pleas, reimposing his original sentence of two maximum, consecutive eighteen month terms of imprisonment for complicity to trafficking in cocaine and possession of cocaine after he violated his conditions of judicial release. On appeal, Smith asserts that the trial court erred as a matter of law by re-sentencing him to maximum, consecutive sentences in violation of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Based upon the following, we affirm the judgment of the trial court.
 {¶ 2} In April of 2005, the Union County Grand Jury indicted Smith on one count of complicity to trafficking in cocaine of an amount exceeding five grams but less than ten grams in violation of R.C. 2925.03(A)(1), (C)(4)(c), a felony of the fourth degree; one count of possession of cocaine in an amount exceeding five grams but less than twenty-five grams in violation of R.C.2925.11(A), (C)(4)(b), a felony of the fourth degree; one count of possession of cocaine in an amount exceeding five grams but less than twenty-five grams within the vicinity of a school in violation of R.C. 2925.11(A), (C)(4)(b), a felony of the fourth degree; one count of complicity to trafficking in cocaine of an amount exceeding five grams but less than ten grams within the vicinity of a school in violation of 2925.03(A)(1), (C)(4)(c), a felony of the third degree; and, one count of engaging in a pattern of corrupt activity in violation of R.C.2923.32(A)(1), (B)(1), a felony of the first degree. Subsequently, Smith pled not guilty to all five counts of the indictment.
 {¶ 3} At a change of plea hearing in July of 2005, Smith withdrew his not guilty plea and entered a negotiated plea of guilty to one count of complicity to trafficking in cocaine and one count of possession of cocaine, both felonies of the fourth degree. Following the change of plea hearing, the trial court ordered a pre-sentence investigation.
 {¶ 4} In August of 2005, the trial court held a sentencing hearing and sentenced Smith to the maximum term of eighteen months imprisonment for each felony, to be served consecutively, for a total of thirty-six months imprisonment. Smith was also sentenced to a period of up to three years of post release control and ordered to pay court costs, a three thousand dollar fine for each felony, and twelve hundred dollars of restitution to the Union County Sheriff. Additionally, the trial court suspended Smith's operator's license for five years and prohibited him from owning, possessing, or controlling a firearm or other ordnance.
 {¶ 5} On October 12, 2005, Smith moved for judicial release pursuant to R.C. 2929.20. The State opposed the motion for judicial release. On November 23, 2005, the trial court held a hearing on Smith's motion for judicial release, which it granted. Thereafter, the trial court placed Smith on appropriate community control sanctions for a period of three years, subject to twenty terms and conditions.
 {¶ 6} Sometime between the judicial release hearing and March of 2006, Smith allegedly violated several of the conditions of his judicial release. Subsequently, the trial court held a judicial release violation hearing on April 10, 2006. At the hearing, the trial court found that Smith violated three conditions of his judicial release by using cocaine, by failing to pay financial obligations, and by failing to complete the required amount of community service ordered by the trial court. As a result, the trial court ordered Smith to serve the "remainder of his original sentence of eighteen months on each fourth degree felony count" to be served consecutively, with credit given for two-hundred twelve days Smith had already served. (Re-sentencing Journal Entry, p. 2).
 {¶ 7} It is from this judgment that Smith appeals, presenting the following assignment of error for our review.[1]
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY RE-SENTENCINGDEFENDANT TO MAXIMUM CONSECUTIVE SENTENCES.
 {¶ 8} In his sole assignment of error, Smith contends that the trial court erred by re-sentencing him to maximum, consecutive sentences. Specifically, Smith asserts that the trial court violated State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, by reimposing the maximum, consecutive term of imprisonment when he had no prior felony record and had never served a prior prison sentence.
 {¶ 9} At the outset, we note that Smith urges this Court to treat his violations of the conditions as a violation of community control, rather than as a violation of judicial release. However, as this Court has previously discussed, the rules dealing with a violation of an original sentence of community control should not be confused with those dealing with a violation of judicial release. State v. McConnell,143 Ohio App.3d 219, 222, 2001-Ohio-2129; State v. Mann, 3d Dist. No. 3-03-42, 2004-Ohio-4703; State v. Gardner, 3d Dist. No. 14-99-24, 1999-Ohio-938. In Mann, this Court clarified the distinction, explaining:
R.C. 2929.15(B), [the community control statute], only appliesto offenders who were initially sentenced to community controlsanctions and permits a trial court to newly impose a prison termupon an offender who later violates the community controlsanctions. [Citing McConnell and Gardner, supra]. Incontrast, an offender who has been granted early judicial releasehas already been ordered to serve a term of incarceration as partof the original sentence but, upon motion by the "eligibleoffender," is released early from prison. See R.C. 2929.20(A) and(B). If a trial court chooses to grant early judicial release toan eligible offender, R.C. 2929.20(I) conditionally reduces thealready imposed term of incarceration, and the trial court isrequired to place the eligible offender under appropriatecommunity control sanctions and conditions.
 2004-Ohio-4703, at ¶¶ 7-8; see, also State v. Wiley,148 Ohio App.3d 82, 84, 2002-Ohio-460.
 {¶ 10} Here, Smith originally received a sentence of two eighteen month prison terms to be served consecutively. He served part of the prison term and then moved for judicial release, which the trial court granted. The original sentence did not include community control. Instead, Smith was placed under community control sanctions and conditions as part of his judicial release as required by the judicial release statute, R.C. 2929.20. Thus, R.C. 2929.20 controls, not R.C. 2929.15 as Smith contends.
 {¶ 11} R.C. 2929.20 governs both the grant and revocation of judicial release. Specifically, R.C. 2929.20(B) allows a sentencing court to reduce an offender's original prison term when an eligible offender moves for judicial release. Further, R.C. 2929.20(I) governs the revocation of judicial release when an eligible offender violates a condition of the judicial release, providing in pertinent part:
If the court grants a motion for judicial release under thissection, the court shall order the release of the eligibleoffender, shall place the eligible offender under an appropriatecommunity control sanction, under appropriate community controlconditions, and under the supervision of the department ofprobation serving the court, and shall reserve the right toreimpose the sentence that it reduced pursuant to the judicialrelease if the offender violates the sanction. If the courtreimposes the reduced sentence pursuant to this reserved right,it may do so either concurrently with, or consecutive to, any newsentence imposed upon the eligible offender as a result of theviolation that is a new offense. The period of the communitycontrol sanction shall be no longer than five years.
 {¶ 12} Previously, this Court has held that a trial court implicitly reserves the right to reimpose the original sentence when it grants judicial release. Mann, 2004-Ohio-4703 at ¶¶ 13-14, citing State v. Monroe, 3d Dist. Nos. 4-01-27, 4-01-28, 2002-Ohio-1199; State v. Fugate (2000), 12th Dist. No. CA2000-02-031, 2000 WL 1708508; but see State v. Evans, 4th Dist. No. 00CA003, 2000-Ohio-2025 (holding reservation of such right must be on record). In effect, judicial release suspends the remainder of the original sentence until the offender either successfully completes community control or violates the conditions of the judicial release. McConnell,143 Ohio App.3d at 223; Mann, 2004-Ohio-4703; Wiley, 148 Ohio App.3d at 84;State v. Jackson (2001), 12th Dist. No. CA2000-03-045,2001 WL 705640.
 {¶ 13} If the trial court elects to reimpose the remainder of the original sentence, it is limited to reimposing only the original sentence with credit for time served. McConnell,143 Ohio App.3d at 223. The trial court may not alter the original sentence except to impose it concurrently with or consecutive to any new sentence for a new offense. Id. at 224; Wiley,148 Ohio App.3d at 84; Jackson, supra.
 {¶ 14} Here, the trial court chose to reimpose a prison sentence following Smith's violation of the judicial release. Upon doing so, the trial court had no choice but to reimpose the remainder of the original sentence, two eighteen month prison terms to be served consecutively with credit for time served, as required under R.C. 2929.20(I).
 {¶ 15} Essentially, Smith's argument amounts to a challenge of his original sentence based upon the holding in Foster.
Although the Foster Court held that portions of Ohio's felony sentencing framework are unconstitutional and void, including those requiring judicial findings before imposition of the maximum sentence and consecutive sentences, the Foster Court also limited retroactive application of its holdings to cases on direct review. 109 Ohio St.3d at ¶¶ 64, 67, 104.
 {¶ 16} Since the trial court's grant of judicial release merely suspended Smith's original sentence, the appropriate time to challenge the original sentence was within thirty days after the trial court filed the sentencing entry in August of 2005 as required by App.R. 4(A), not after the trial court reimposed his original sentence in April of 2006. See, e.g. Gardner,
1999-Ohio-938; Fugate, supra. Therefore, Smith's failure to appeal his original sentence within thirty days of sentencing renders this appeal untimely and renders Foster inapplicable. Therefore, we find that the trial court did not err in reimposing the remainder of Smith's original sentence.
 {¶ 17} Accordingly, Smith's assignment of error is overruled.
 {¶ 18} Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] We note that, subsequent to Smith's filing of the notice to appeal his April 2006 sentencing, the State filed a motion to dismiss the appeal. In July of 2006, this Court denied the motion to dismiss the appeal.