JOURNAL ENTRY AND OPINION
{¶ 1} In the case at bar, defendant Dino Deniro, appeals from an order of the Cuyahoga County Court of Common Pleas, General Division ("the trial court") sentencing him to a term of imprisonment of four years after he violated the terms of formerly granted judicial release. For the reasons discussed below, we vacate Mr. Deniro's sentence and remand to the trial court so that it may resentence Mr. Deniro to a term not to exceed his originally imposed prison term of three years.
 {¶ 2} On December 1, 2001, Mr. Deniro attempted to shoplift an item from a Kaufman's department store in North Olmsted, Ohio. A security guard noticed the theft and attempted to detain him, and, in the process of trying to escape, Mr. Deniro threw the stolen item, a piece of stereo equipment, at the security guard. While Mr. Deniro was able to exit the store and flee in his car, the security guard was able to note his license plate number; Mr. Deniro subsequently took the license plate from someone else's car and replaced his license plate with it. He was ultimately charged under two indictments: in case #420922, he was charged with one count of receiving stolen property and one count of falsification;[1] and, in case #421839, he was charged with one count of robbery.[2]
 {¶ 3} On February 13, 2003, Mr. Deniro pleaded guilty to one count of receiving stolen property, a felony of the fifth degree, in case #420922;[3] and, he pleaded guilty to one count of robbery, a felony of the second degree, in case #421839. The trial court sentenced him to two years of community control sanctions. He violated[4] the conditions of his community control sanctions and, after holding a violation hearing, the trial court continued community control. He violated again, and, at a hearing on February 10, 2004, the trial court discontinued community control and sentenced him to prison terms of three years on the robbery charge and six months on the receiving stolen property charge, with the sentences to run concurrently.
 {¶ 4} Mr. Deniro petitioned the trial court for judicial release, and, after a hearing held on September 30, 2004, the court granted it under the condition of three years of community control supervision. He violated the conditions of his judicial release, and the trial court continued community control. He violated yet again, and, at a violation hearing held September 22, 2005, the trial court sentenced him to a term of four years on the robbery charge.[5]
 {¶ 5} Mr. Deniro now asserts one assignment of error in this delayed appeal:[6]
THE TRIAL COURT ERRED WHEN IT INCREASED MR. DENIRO'S THREE-YEAR PRISON TERM TO FOUR YEARS IN PRISON, BASED ON A FINDING THAT MR. DENIRO HAD VIOLATED THE TERMS OF HIS JUDICIAL RELEASE AFTER MR. DENIRO HAD ALREADY SERVED A PORTION OF THE THREE-YEAR SENTENCE IMPOSED. THIS ERROR CONTRAVENED R.C. 2929.20, AND THE DOUBLE JEOPARDY CLAUSES OF BOTH THE STATE AND FEDERAL CONSTITUTIONS.
 {¶ 6} According to R.C. 2929.20, the statute creating and defining the power of a trial court to grant an imprisoned offender judicial release,
If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right toreimpose the sentence that it reduced pursuant to the judicialrelease if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of the community control sanction shall be no longer than five years.
(Italics added and inapplicable text omitted.)
 {¶ 7} Ample Ohio appellate court precedent confirms that, should a trial court decide to revoke a previously issued order granting judicial release to an offender, the trial court may only reimpose a prison term up to the maximum of the term it originally imposed. As we found in State v. Hardy, Cuyahoga App. No. 83572, 2004-Ohio-2696:
The plain, unambiguous language set forth in R.C. 2929.20(I) permits a trial court to merely reinstate the reduced, original prison term upon a violation of the conditions of early judicial release. Indeed, the offender can only experience an increase in prison time if the court decides to order a consecutive sentence upon conviction for a new offense stemming from the violation. See R.C. 2929.20(I); State v. Dalton, 153 Ohio App.3d 286, 2003
Ohio 3813, 793 N.E.2d 509; State v. Wiley, 148 Ohio App.3d 82,2002-Ohio-460, 772 N.E.2d 160; State v. McConnell,143 Ohio App.3d 219, 2001-Ohio-2129, 757 N.E.2d 1167.
 {¶ 8} The State of Ohio concedes the trial court's error in sentencing Mr. Deniro to a term of four years' imprisonment for violating the terms of his judicial release, where the original prison sentence imposed for failing to obey community control sanctions was three years' imprisonment.
 {¶ 9} Accordingly, we vacate Mr. Deniro's sentence and remand for resentencing.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Calabrese, Jr., J., concur.
[1] This indictment related to Mr. Deniro's conduct in stealing someone's license plate.
[2] This indictment related to Mr. Deniro's conduct in shoplifting, briefly struggling with the security guard and fleeing the scene.
[3] The State nolled the falsification count.
[4] This and each other violation of community control sanctions involved, at least in part, Mr. Deniro's difficulty with drug use and attendant failed urine screens.
[5] The trial court terminated the receiving stolen property case at this time.
[6] In addition to the assignment of error we review on the merits, Mr. Deniro asserted two additional assignments of error in his initial brief to this court. They are:
II. THE TRIAL COURT ERRED WHEN IT ORDERED MR. DENIRO TO SERVE A PRISON TERM AFTER FINDING A VIOLATION OF COMMUNITY CONTROL SANCTIONS, BECAUSE THE TRIAL COURT FAILED TO NOTIFY MR. DENIRO AT HIS ORIGINAL SENTENCING PROCEEDING OF THE SPECIFIC PRISON TERM THAT WOULD BE IMPOSED IF HE VIOLATED THE CONDITIONS OF HIS RELEASE. STATE V. BROOKS, 103 OHIO ST.3D 134, 2004-OHIO-4746. THIS ERROR CONTRAVENED THE DUE PROCESS CLAUSES OF THE STATE AND FEDERAL CONSTITUTIONS.
III. TRIAL COUNSEL'S FAILURE TO OBJECT TO THE TRIAL COURT'S INCREASE OF MR. DENIRO'S PRISON TERM AFTER FINDING A VIOLATION OF THE CONDITIONS OF HIS JUDICIAL RELEASE, AND TRIAL COUNSEL'S FAILURE TO CHALLENGE THE TRIAL COURT'S ORDER IMPOSING A PRISON TERM AFTER FINDING A VIOLATION OF THE COMMUNITY CONTROL SANCTIONS, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION.
However, Mr. Deniro has decided not to pursue these issues on appeal and to confine his argument to his first assigned error. He filed a motion before this court on June 15, 2006, to withdraw the other two assignments of error. We grant his motion without comment as to the merits of Mr. Deniro's withdrawn assignments of error.