OPINION
{¶ 1} Appellant, Bryan Vancamp, appeals from the trial court's revocation of his judicial release filed on August 25, 2005. On February 3, 2006, this Court granted Appellant leave to file a delayed appeal. On August 28, 2006, counsel for Appellant filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, rehearing den. (1967),388 U.S. 924, indicating that the within appeal was wholly frivolous. On December 7, 2006, Appellee filed a brief in response. In Appellant'sAnders' brief, counsel for Appellant raises two potential Assignments of Error as follows:
 I. {¶ 2} "APPELLANT'S SENTENCE IS CONTRARY TO LAW AS DICTATED BYSTATE V. FOSTER.
 II. {¶ 3} "THE TRIAL COURT'S FINDING THAT THE APPELLANT VIOLATED THE TERMS OF HIS JUDICIAL RELEASE WAS CONTRARY TO LAW."
 {¶ 4} Appellant's counsel further stated that Appellant had been notified of his right to file a pro se merit brief. Appellant has not filed a pro se merit brief.
 STATEMENT OF THE FACTS AND CASE {¶ 5} On January 27, 2003, Appellant was indicted by the Stark County Grand Jury for one count of Felonious Assault, in violation of R.C.2903.11(A)(1), a felony of the second degree, and one count of Domestic Violence, in violation of R.C. 2929.25(A), a felony of the fifth degree.
 {¶ 6} On February 18, 2003, being represented by counsel, Appellant pled guilty as charged in the indictment and was sentence to serve a four (4) year term of incarceration for felonious assault and a six (6) month term of incarceration for domestic violence. It was further ordered that the sentences would be served concurrently. Appellant was then conveyed to serve his term of imprisonment. Appellant did not pursue an appeal of right from his conviction and sentence.
 {¶ 7} On September 23, 2003, the trial court granted Appellant's motion for judicial release; suspended the remainder of Appellant's sentence; and placed Appellant on a three (3) year term of community control sanctions as a condition of judicial release.
 {¶ 8} On August 19, 2005, Appellant stipulated to violating the terms and conditions of his community control sanctions. The trial court then revoked Appellant's judicial release and ordered Appellant to serve the balance of his remaining sentence. It is from this judgment that Appellant sought and was granted a delayed appeal.
 I. {¶ 9} In Appellant's first proposed Assignment of Error, he argues that the re-imposition of the balance of Appellant's original sentence violates State v. Foster. We disagree.
 {¶ 10} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court found that R.C. 2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent that they required judicial fact finding for the imposition of certain sentences. Although the Supreme Court of Ohio held in Foster, that certain Ohio felony sentencing statutes violate the Sixth Amendment to the United States Constitution, the Foster ruling only applies to those cases pending on direct review or not yet final as of the date Foster was decided.State v. Foster, supra; State v. Wilson, Franklin App. No. 05AP-939,2006-Ohio-2750, at para. 15, citing State v. Luther, Lorain App. No. 05CA008770, 2006-Ohio-2280, at para. 12; State v. Jones, Miami App. No. 2005-CA-26, 2006-Ohio-2360, at para. 18; and State v. Rawlins, Scioto App. No. 05CA3012, 2006-Ohio-1901, at para. 12.
 {¶ 11} This case arises from the revocation of judicial release and the re-imposition of a sentence which was originally imposed on February 18, 2003. The appeal does not present itself on direct review from Appellant's original conviction and sentence. Accordingly,Foster does not apply. See also, State v. Smith, Union County App. No. 14-06-15, 2006-Ohio-5972.
 {¶ 12} Appellant's first proposed Assignment of Error is overruled.
 II. {¶ 13} In Appellant's second proposed Assignment of Error, he argues that the trial court's decision to revoke judicial release was contrary to law.
 {¶ 14} In this case, the trial court imposed community control sanctions as a condition of Appellant's judicial release. Appellant appeared in the trial court, represented by counsel and stipulated that he had violated the terms and conditions of the community control sanctions. Accordingly, the trial court did not err in finding appellant guilty of a violation, revoking judicial release and re-imposing the balance of Appellant's four (4) year aggregate sentence for felonious assault and domestic violence.
 {¶ 15} Appellant's second proposed Assignment of Error is overruled.
 {¶ 16} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 17} The judgment of the Stark County Court of Common Pleas, General Division, is affirmed.
Wise, J., Gwin, P.J., and and Farmer, J. concur.
 JUDGMENT ENTRY {¶ 18} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, General Division, is affirmed.
 {¶ 19} Attorney Eugene M. Cazantzes' motion to withdraw as counsel for Appellant, Bryan S. Vancamp is hereby granted.
IT IS SO ORDERED.