DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Brandon Navarro, appeals the September 12, 2006 judgment of the Wood County Court of Common Pleas which ordered appellant, within 72 hours of release from a prison sentence from another jurisdiction, to report to a residential program that was imposed as a condition of judicial release. For the reasons that follow, we affirm the trial court's decision. *Page 2 
 {¶ 2} The procedural history, rather than the facts of the underlying charges, is relevant to the resolution of the issues before us. On December 16, 2004, appellant was indicted on one count of failure to comply with the signal of a police officer, R.C.2921.331(B)(C)(5)(a)(ii)(b), and one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2)(C)(3)(d). On April 7, 2005, following a guilty plea, appellant was sentenced to a three-year imprisonment term for failure to comply, and a one-year term for trafficking. The terms were ordered to be served consecutively. On the same date, appellant was sentenced, under a different case number, to six months of imprisonment for trafficking in marijuana; this sentence was ordered to be served concurrent to the four-year prison term.
 {¶ 3} On December 5, 2005, appellant filed a pro se motion for judicial release; on December 8, 2005, appellant, represented by counsel, again filed a motion for judicial release and requested a hearing. On June 19, 2006, a hearing on the motion was held; the court granted the motion. One of the conditions of judicial release was that appellant complete a six-month residential substance abuse program, the SEARCH program at the Northwest Community Corrections Center. Appellant was ordered to report to the program within 72 hours of his release.
 {¶ 4} On June 20, 2006, in Hancock County, appellant entered a guilty plea to two counts of trafficking in cocaine and was immediately sentenced to one year of imprisonment on each count, to be served concurrently. According to the parties, the charges predated the Wood County offenses. *Page 3 
 {¶ 5} Thereafter, the state filed a petition to revoke appellant's community control; the state argued that appellant violated the terms of his community control by failing to complete the SEARCH program due to his incarceration for the Hancock County offenses. On September 11, 2006, a community control violation hearing was held. At the hearing, the state withdrew its petition to revoke community control; the state then requested that the court order appellant to report to the SEARCH program within 72 hours of his release from the Hancock County prison term. Appellant's counsel objected arguing that the court lacked jurisdiction to modify appellant's sentence to order the SEARCH program to run consecutive to the Hancock County sentence which was not imposed until after appellant was granted judicial release. The court overruled the objection and ordered that appellant report to the SEARCH program within 72 hours of his release from the Hancock County sentence. This appeal followed.
 {¶ 6} On appeal, appellant raises the following two assignments of error:
 {¶ 7} "First Assignment of Error
 {¶ 8} "The trial court was without jurisdiction to modify the defendant's community control sanctions.
 {¶ 9} "Second Assignment of Error
 {¶ 10} "Consecutive service of a residential sanction to an unrelated and subsequently imposed prison term is contrary to law."
 {¶ 11} In appellant's first assignment of error he argues that the trial court had no authority to modify the sentence imposed on July 19, 2006, because there had been no *Page 4 
community control violation and the state had dismissed its petition to revoke community control. Conversely, the state contends that the trial court did not modify appellant's community control sanctions; rather, the court reaffirmed its July 19 order that appellant complete the SEARCH program as a condition of judicial release. The state argued that the court never ordered the program to be completed on a date certain and that the court has jurisdiction over appellant until July 2009, the community control termination date.
 {¶ 12} We agree with the state that R.C. 2929.20, not R.C. 2929.15 as argued by appellant, applies to both the grant and revocation of judicial release. State v. Wiley, 148 Ohio App.3d 82, 2002-Ohio-460, ¶ 8. R.C. 2929.15(B) applies only to those offenders who were initially sentenced to community control. Id., ¶ 11. R.C. 2929.20(I) provides, in part:
 {¶ 13} "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense." *Page 5 
 {¶ 14} The Third Appellate District has held that R.C. 2929.20(I) does not give a trial court permission to modify an offender's judicial release because the offender is confined to prison. State v. Hoy, 3d Dist. Nos. 14-04-13, 14-04-14, 2005-Ohio-1093, ¶ 30. Hoy explained that "[t] he trial court would be authorized to revoke an offender's judicial release, based on a finding that the new offense violated the conditions of his release. However, the trial court is given no authority to modify or toll that offender's release." Id.
 {¶ 15} In the present case, the trial court's July 5, 2006 judgment entry granting judicial release set forth, inter alia, the following condition:
 {¶ 16} "3. Offender shall enter into and successfully complete the SEARCH Program at the Northwest Community Corrections Center and follow any and all recommendations for aftercare. In the event that the offender is not accepted into the SEARCH program the court reserves the right to reconsider and resentence the offender."
 {¶ 17} The judgment entry further ordered that appellant remain in custody to begin intake into the SEARCH program. While the judgment ordered appellant to immediately begin the SEARCH program it did not specifically place a time limitation on the completion of the program. The court opted to reaffirm its conditions of judicial release rather than reimposing the reduced sentence. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 18} Appellant's second assignment of error contends that the trial court's imposition of a consecutive residential sanction to an unrelated and subsequently *Page 6 
imposed prison term is contrary to law. In support, appellant relies onState v. Davis, 9th Dist. No. 05CA008668, 2005-Ohio-5943. InDavis, the court found that in sentencing the defendant, the trial court failed to enumerate an exception to the general rule, set forth in R.C.2929.41(A), that a sentence of imprisonment is to be served concurrently with any other sentence of imprisonment.
 {¶ 19} As set forth above, the trial court ordered appellant to complete the SEARCH program as a condition of judicial release; the court retained jurisdiction over appellant until July 2009. Despite the Hancock County incarceration, appellant was still required to fulfill the conditions of judicial release. Further, in State v. Foster, 109 Ohio St.3d 1, paragraph three of the syllabus, 2006-Ohio-856, the Ohio Supreme Court found R.C. 2929.41(A) unconstitutional and severed the section from the Ohio felony sentencing statutes. Based on the foregoing, we find that appellant's second assignment of error is not well-taken.
 {¶ 20} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J. Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1