[Cite as *State v. Cox*, 2010-Ohio-3799.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO. 2-09-31

      v.

KYLE W. COX,                           O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO. 2-09-32

      v.

KYLE W. COX,                           O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Auglaize County Common Pleas Court**
**Trial Court Nos. 2005-CR-17 and 2006-CR-179**

**Appeal Dismissed in Case No. 2-09-31**
**Judgment Reversed and Cause Remanded in Case No. 2-09-32**

**Date of Decision:   August 16, 2010**

Case No. 2-09-31 and 2-09-32

**APPEARANCES:**

    *Terrence K. Scott* **for Appellant**

    *Edwin Pierce and Amy Otley Beckett* **for Appellee**

**ROGERS, J.**

    **{¶1}** Defendant-Appellant, Kyle Cox, appeals from the judgments of the Court of Common Pleas of Auglaize County convicting him of violating the terms of his community control and sentencing him to an eighty-three-month prison term. On appeal, Cox argues that the trial court erred in failing to advise him of the specific prison term that would be imposed if he violated the terms of his community control. Based on the following, we reverse the judgment of the trial court in case number 2-09-32, and dismiss the appeal in case number 2-09-31.

    **{¶2}** This consolidated appeal stems from two separate convictions and sentences. In January 2005, in case number 2005 CR 0017[1], Cox was indicted by the Auglaize County Grand Jury on eleven counts: five counts of forgery in violation of R.C. 2913.31(A)(3), felonies of the fifth degree; one count of forgery in violation of R.C. 2913.31(A)(3), a felony of the fourth degree; two counts of grand theft in violation of R.C. 2913.02(A)(3), felonies of the fourth degree; one

---

[1] We note that case number 2-09-31 corresponds to trial court case number 2005 CR 0017, and case number 2-09-32 corresponds to trial court case number 2006 CR 0179.

count of theft in violation of R.C. 2913.02(A)(3), a felony of the fifth degree; one count of passing bad checks in violation of R.C. 2913.11(B)[2], a felony of the fourth degree; and, one count of possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree. The indictment arose from a series of fraudulent bank transactions in which Cox forged checks to various banks and withdrew funds off the forged instruments.

{¶3} In February 2005, Cox entered a not guilty plea to all charges in the indictment.

{¶4} In March 2005, pursuant to a plea agreement, Cox withdrew his not guilty pleas on the two counts of fifth degree forgery, one count of fourth degree forgery, two counts of grand theft, and one count of theft, and entered guilty pleas on these counts, with the five remaining counts dismissed. The trial court then sentenced him to a nine-month prison term on a fifth degree forgery and a ten-month prison term on each remaining count, to be served consecutively, for a total prison term of fifty-nine months.

{¶5} In June 2005, in trial court case number 2006 CR 0179, Cox was indicted by the Auglaize County Grand Jury on three counts of theft in violation of R.C. 2913.02(A)(3), felonies of the fifth degree, and one count of forgery in

---

[2] We note that the indictment charged Cox under R.C. 2913.11(A). However, we find this to be a typographical error, as section (A) merely contains definitions, and the language for this count in the indictment mirrors that found in R.C. 2913.11(B).

violation of R.C. 2913.31(A)(2), a felony of the fifth degree.

**{¶6}** In October 2006, Cox entered a not guilty plea to all counts in the indictment.

**{¶7}** In March 2007, pursuant to a plea agreement, Cox withdrew his not guilty plea on one count of theft and the count of forgery, and entered guilty pleas to both counts, with the two remaining counts dismissed. The trial court then sentenced him to a lump sum term of five years of community control for both counts. The trial court's judgment entry stated, in pertinent part, as follows:

> **The Defendant is hereby NOTIFIED that if the conditions of the Community Control Sanctions are violated, the Court may impose a longer time under the same sanctions or more restrictive Community Control Sanctions, or may impose a prison term of TWELVE (12) MONTHS ON COUNT I and TWELVE (12) MONTHS ON COUNT IV, to run CONSECUTIVELY for a total prison sentence of TWENTY FOUR (24) MONTHS, plus POST RELEASE CONTROL TIME.**

(Mar. 2007 Journal Entry- Orders on Finding of Guilt & Sentence, p. 4). However, when sentencing Cox, the trial court stated the following from the bench:

> **If you're found guilty of violating your community control sanctions, because one of those community control sanctions includes standard conditions of supervision which include you can't violate any law, then, at that time, whoever is sitting here, could resentence you in this case for up to the twenty-four months plus three years of post release control and could make it consecutive to the time you're doing in the other case, however much that is.**

(Mar. 2007 Change of Plea/Sentencing Hearing Tr., pp. 16-17).

{¶8} In July 2007, Cox filed a motion for judicial release in case number 2005 CR 0017. Following a hearing on the motion, the trial court granted judicial release and imposed certain community control sanctions, stating the following from the bench:

> **Do you recognize that if I grant you release on this judicial release and notify you of your sentence, that if I resentence you, I can run these two cases consecutively?**
>
> **\* \* \***
>
> **So you get the twenty-four [months] on the one plus what's left of the fifty-nine [months] on the other. And I would do it in that fashion. It would be the twenty-four [months] plus the fifty-nine [months] with whatever credit you've got.**
>
> **\* \* \***
>
> **\* \* \*[I]f you violate your community control sanctions, the Court can impose more restrictive combinations of community control or can sentence you to fifty-nine months in the penitentiary on this case consecutive to the twenty-four months that you have hanging over your head in case 2006 CR 179, plus three years of post release control.**

(July 2007 Hearing on Motion for Judicial Release Tr., pp. 5, 6, 15). The trial court also stated the following in its judgment entry:

> **It is hereby ORDERED that Defendant be Granted Judicial Release and sentenced to Five (5) years of Community Control Sanctions \* \* \*.**
>
> **\* \* \***

**The Defendant is hereby NOTIFIED that if the conditions of the Community Control Sanctions are violated, the Court may impose a longer time under the same sanctions or more restrictive Community Control Sanctions, or may impose a prison term of FIFTY-NINE (59) MONTHS to run CONSECUTIVE to the TWENTY-FOUR (24) MONTHS in Case No: 2006-CR-179, plus POST RELEASE CONTROL TIME OF THREE (3) YEARS.**

(July 2009 Journal Entry- Orders Granting Judicial Release, pp. 1-2).

{¶9}  In October 2009, a motion for a hearing on community control[3] violations was filed in both cases, stating that Cox violated several conditions of his supervision as a result of his arrest in Michigan; his issuance of a negotiable instrument that was dishonored; and, his failure to report to his supervising officer, to keep his supervising officer informed of his residence, to maintain full-time employment, and to submit a log of all income and expenses to his supervising officer.

{¶10} In November 2009, Cox entered an admission to the violations in both cases, and the trial court re-imposed the fifty-nine-month prison term in case number 2005-CR-0017, and the twenty-four-month prison term in case number 2006-CR-0179, to be served consecutively, for a total prison term of eighty-three

---

[3] Trial courts continue to misapply the term community control when actually referring to judicial release. While this may be because community control sanctions are imposed when judicial release is granted, judicial release is different from and not synonymous with community control.  See *State v. Smith*, 3d Dist. No. 14-06-15, 2006-Ohio-5972, ¶¶9-10; *State v. Jones*, 3d Dist. Nos. 10-07-26, 10-07-27, 2008-Ohio-2117, ¶12.

months.

{¶11} It is from these judgments that Cox appeals, presenting the following assignment of error for our review.

> **KYLE COX WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT FAILED TO NOTIFY HIM OF THE SPECIFIC PRISON TERM THAT WOULD BE IMPOSED IF HE VIOLATED THE COMMUNITY-CONTROL SANCTIONS. (TR. AUGLAIZE COUNTY CASE NO 05-CR-17 MARCH 15, 2007, P. 17, LINE 4.)**

{¶12} We initially note that Cox's assignment of error pertains only to his conviction in case number 2006-CR-0179. Accordingly, because there is no assignment of error pertaining to case number 2005-CR-0017, we dismiss his appeal from that judgment.

{¶13} In his sole assignment of error, Cox argues that he was deprived of his due process right under the Ohio and United States Constitutions to be notified of the specific prison term that would be imposed if he violated the terms of his community control. Specifically, he contends that the trial court did not notify him both on the record and in the judgment entry that he would receive a twenty-four-month prison term if he violated the terms of his community control, but merely stated that he could receive up to a twenty-four-month prison term.

**{¶14}** R.C. 2929.19 governs felony sentencing, and provides, in pertinent part:

> **If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.**

R.C. 2929.19(B)(5).

**{¶15}** In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, the Supreme Court of Ohio found that, in order to comply with the notice requirement of R.C. 2929.19(B)(5), "the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive 'the maximum,' or a range, such as 'six to twelve months,' or some other indefinite term, such as 'up to 12 months.' The judge is required to notify the offender of the 'specific' term the offender faces for violating community control." Id. at ¶19. The Court went on to state that there must be strict compliance with the specific notice requirement, with "notification given in a court's journal entry issued after sentencing * * * not comply[ing] with R.C. 2929.19(B)(5)," id. at ¶18; and, that,

-8-

where the trial court fails to properly notify a defendant of a specific prison term, "and the offender then appeals after a prison term is imposed * * *, the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option." Id. at ¶33.

{¶16} Moreover, this Court has found that a trial court's notification to a defendant that he may receive a prison term "up to" a certain amount of time for violating a term of community control is insufficiently specific under R.C. 2929.19(B)(5) and *Brooks*. See, *State v. Miller-Nelson*, 3d Dist. No. 14-07-04, 2007-Ohio-4495; *State v. Moore*, 3d Dist. Nos. 5-07-18, 5-07-20, 5-07-21, 2008-Ohio-1152.

{¶17} In case number 2006 CR 0179, the trial court sentenced Cox to a five-year term of community control, and, at the sentencing hearing, stated that Cox could receive "up to" a twenty-four-month prison term for violating the terms of community control. Additionally, the trial court did not specify the reserved prison term for each count. Although the trial court's sentencing entry specifically provided that Cox could be sentenced to a twenty-four-month prison term should he violate the terms of community control, the trial court failed to strictly comply with R.C. 2929.19(B)(5) by providing specific notice at the sentencing hearing. "Notification given in a court's journal entry issued after sentencing does not comply with R.C. 2929.19(B)(5)." *Brooks*, 103 Ohio St.3d 134, at ¶18.

{¶18} Consequently, because the trial court failed to properly notify Cox of a specific prison term it could impose upon him should be violate the terms of community control, we find the trial court erred in imposing a prison term upon Cox's violation of community control.

{¶19} Accordingly, we sustain Cox's assignment of error, reverse his sentence in case number 2006 CR 0179, and remand to the trial court for resentencing with a prison term not an option.

{¶20} Finally, although we have sustained Cox's assignment of error, we also note that the trial court failed to properly sentence Cox to community control in case number 2006 CR 0179. Cox pled guilty to one count of theft and one count of forgery; however, the trial court imposed one lump sum term of five years of community control, thereby failing to impose a separate sentence on each count, and necessitating resentencing. See *State v. Moore,* 3d Dist. No. 14-06-53, 2007-Ohio-4941, ¶10, citing *State v. Hayes*, 9th Dist. No. 99CA007416, 2000 WL 670672.

{¶21} Having found error prejudicial to the appellant herein in the particulars assigned and argued in case number 2-09-32, and in the trial court's imposition of a lump sum term of community control, we vacate the original sentence of the trial court and remand the matter with instructions to resentence on

Case No. 2-09-31 and 2-09-32

each count separately consistent with this opinion. Moreover, having found no assignment of error pertaining to case number 2-09-31, we dismiss the appeal.

***Appeal Dismissed in Case Number 2-09-31***

***Judgment Reversed and Cause
Remanded in Case Number 2-09-32***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**