OPINION
{¶ 1} Defendant-appellant, Douglas W. Mann (hereinafter, "appellant"), appeals from judgment of conviction and sentence of the Common Pleas Court of Crawford County revoking community control and reinstating appellant's original sentence.
 {¶ 2} The instant matter stems from a five count indictment against appellant filed on September 14, 1999 (Case No. 99 CR-0122). The indictment charged appellant with five fourth degree felony counts of Corruption of a Minor, in violation of R.C. 2907.04 (version 1995 So. 2, effective July 1, 1996). Appellant entered into a plea agreement and pleaded guilty to three counts of corruption of a minor. The state dismissed the two remaining counts. On January 20, 2000, appellant was sentenced to a stated prison term of one year on each count to be served consecutively to each other, which resulted in an aggregate sentence of three years in prison. The trial court also ordered that the community control sanctions to which appellant had previously been sentenced for two prior offenses (breaking and entering convictions in case nos. 97 CR-0022 and 98 CR-0012) be tolled until appellant's release from prison in Case No. 99 CR-0122.
 {¶ 3} Several months after being sentenced to prison, appellant moved the court for judicial release. On December 6, 2000, the trial court granted appellant's motion, reduced the remaining prison sentence imposed on appellant in Case No. 99 CR-0122, and, as part of the conditions of the early judicial release, placed appellant on community control for a period of three years under supervision of the local adult probation department. The trial court further ordered that appellant's community control in Case Nos. 97 CR-0022 and 98 CR-0012 be reinstated.
 {¶ 4} As part of the conditions of his community control, appellant was required to complete a sex offender program conducted by Community Counseling Services. On March 17, 2003, the state filed a motion to revoke appellant's community control in Case No. 99 CR-0122,[1] claiming that appellant had violated the conditions of community control by allegedly failing to complete the sex offender program and also by failing to pay outstanding court costs. Appellant entered denials to the allegations. After a hearing on the matter on July 16, 2003, the trial court found that appellant had violated the terms and conditions of his community control and reimposed the balance of appellant's three year prison sentence from Case No. 99 CR-0122.
 {¶ 5} It is from this judgment which appellant now appeals and sets forth three assignments of error for our review.
 {¶ 6} Prior to considering appellant's assignments of error, we begin by noting that the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C.2929.20(I) contains the term "community control" in reference to the status of an offender when granted early judicial release.
 {¶ 7} R.C. 2929.15(B) only applies to offenders who were initially sentenced to community control sanctions and permits a trial court to newly impose a prison term upon an offender who later violates the community control sanctions. State v.McConnell, 143 Ohio App.3d 219, 224-225, 2001-Ohio-2129, citingState v. Gardner, 3d Dist. No. 14-99-24, 1999-Ohio-938.
 {¶ 8} In contrast, an offender who has been granted early judicial release has already been ordered to serve a term of incarceration as part of the original sentence but, upon motion by the "eligible offender," is released early from prison. See R.C. 2929.20(A) and (B). If a trial court chooses to grant early judicial release to an eligible offender, R.C. 2929.20(I) conditionally reduces the already imposed term of incarceration, and the trial court is required to place the eligible offender under appropriate community control sanctions and conditions. See, State v. Darthard, 10th Dist. No. Nos. 01AP-1291, 92, and 93, 2002-Ohio-4292; McConnell, supra. The result is that the eligible offender's original prison sentence is then conditionally reduced until the offender either successfully completes the mandatory conditions of community control or violates the conditions of community control. When an offender violates his community control requirements, the trial court may reimpose the original prison sentence and require the offender to serve the balance remaining on the original term. Id, citing R.C.2929.20(I); see also State v. Wiley, 148 Ohio App.3d 82,2002-Ohio-460.
 {¶ 9} Because appellant herein was granted early judicial release, R.C. 2929.15 is inapplicable to resolution of this appeal and R.C. 2929.20 is controlling. Accordingly, appellant's arguments will be addressed under the appropriate portions of R.C. 2929.20.
 ASSIGNMENT OF ERROR NO. I The trial court erred in sentencing the defendant toincarceration in prison, where the defendant was never properlynotified as to a term of such incarceration when he wassentenced.
 {¶ 10} Appellant maintains that the trial court lacks the authority to reimpose sentence upon him because it failed to advise him, in open court, that it reserved the right to reimpose the remainder of appellant's three year sentence in Case No. 99 CR-0122 if appellant violated the conditions of his community control. For the reasons that follow, we find appellant's contention to be without merit.
 {¶ 11} R.C. 2929.20(I), provides in pertinent part that:
[i]f the court grants a motion for judicial release under thissection, the court shall order the release of the eligibleoffender, shall place the eligible offender under an appropriatecommunity control sanction, under appropriate community controlconditions, and under the supervision of the department ofprobation serving the court, and shall reserve the right toreimpose the sentence that it reduced pursuant to the judicialrelease if the offender violates the sanction. If the courtreimposes the reduced sentence pursuant to this reserved right,it may do so either concurrently with, or consecutive to, any newsentence imposed upon the eligible offender as a result of theviolation that is a new offense. * * *
 {¶ 12} Although the preferred procedure is for the trial court to explicitly "reserve" on the record or in the judgment entry its right to reimpose sentence from which the eligible offender is receiving early judicial release, the failure of the trial court to do so does not deprive the court of authority to later reimpose the conditionally reduced sentence. This court held in State v. Monroe, 3d Dist. Nos. 4-01-27, 4-01-28, 2002-Ohio-1199:
[R.C. 2929.20(I)] states that the trial court shall reservethe right to reimpose the sentence before the offender can bereleased. [R.C. 2929.20(I)], unlike other sentencingstatutes,[2] does not require that the trial court to makea finding that it has reserved the right to reimpose the sentencenor does it require that the trial court place the reservation onthe record. By ordering the release of the offender pursuant toR.C. 2929.20(I), the trial court has implicitly reserved theright to reimpose the original sentence in order for the offenderto be released. [R.C. 2929.20(I)] does not provide for anyalternative. Without the reservation, the release of the offenderis not permitted. Since [appellant] was granted judicial release,the trial court has reserved the right to reimpose the originalsentence by operation of R.C. 2929.20(I).[3]
 {¶ 13} By virtue of being subject to the specific term of imprisonment imposed at the original sentencing hearing, it cannot be said that the eligible offender has not been informed of the specific term of imprisonment conditionally reduced by the trial court's granting of early judicial release. Monroe,
supra.
 {¶ 14} Consistent with our opinion in Monroe, supra, we find that the trial court herein did not err in reimposing the remainder of appellant's sentence in Case No. 99 CR-0122. Appellant's first assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in sentencing the defendant forcommitting the "worst form of the offense", as the offense herewas the community control violation, and there was no showingthat this defendant committed the "worst form" of communitycontrol violation.
 {¶ 15} In this assignment of error, appellant maintains that upon reimposing sentence in Case No. 99 CR-0122, the trial court was required to fully consider all the statutory factors as if it were sentencing him anew. See generally, R.C. 2929.11 through2929.14 and R.C. 2929.19. Appellant's assertion is misplaced[4] and without merit.
 {¶ 16} In State v. Gardner (Dec. 1, 1999), Union App. No. 14-99-24, 1999-Ohio-938, this court held that if the conditions of the judicial release are violated, R.C. 2929.20(I) clearly provides that the trial court may reimpose the conditionally reduced sentence without making the findings that are required when a felony sentence is originally imposed. Id.; see also2929.11 through 2929.14 and R.C. 2929.19. We reaffirm our holding in Gardner. See also State v. Howell, 3d Dist. Nos. 14-2000-22, 14-2000-23, 2000-Ohio-1933; State v. Fugate
(November 13, 2000), 12th Dist. No. CA2000-02-031.
 {¶ 17} Accordingly, appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred in finding that defendant had violatedthe terms of the community control violation [sic], as thedefendant had not committed a willful, knowing violation of therequirement that he complete the sex offender's program.
 {¶ 18} It is undisputed that appellant failed to comply with the terms of his judicial release and the consequent community control by failing to complete the Community Counseling Services sex offender program as ordered by the trial court. In this assignment of error, however, appellant maintains that his failure to complete the sex offender program was not his fault and that his failure in this regard was the "most trivial" violation of the community control sanctions imposed upon him, and, therefore, the trial court was not warranted in reimposing the remainder of appellant's sentence in Case No. 99 CR-0122.
 {¶ 19} The evidence and record in this case, including the transcript from the July 16, 2003 hearing on appellant's alleged violations of the terms of his judicial release, support the trial court's judgment that appellant violated the conditions of the community control imposed upon him. The trial court did not find appellant's reasons for failing to complete the sex offender program to be compelling, and neither do we. Upon a showing that appellant had violated the terms of his community control, the trial court is clothed with the authority, pursuant to R.C.2929.20(I), to reimpose the balance of appellant's original sentence. It did not err in doing so. See, State v. Riddle, 3d Dist. No. 4-02-18, 2003-Ohio-478.
 {¶ 20} Accordingly, appellant's third assignment of error is overruled.
 {¶ 21} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Shaw, P.J. and Bryant, J., concur.
[1] We note that the state had previously filed a motion to revoke appellant's community control on February 5, 2001, for other alleged violations of appellant's community control. Appellant entered admissions to the alleged violations. The trial court therein denied the state's motion and continued appellant's community control but ordered appellant to comply with additional special community control conditions.
[2] For example, and by way of comparison, "[t]his court has interpreted [R.C. 2929.15(B)] to require the trial court to give the offender notice of the potential prison term at the sentencing hearing. State v. Martin (1999),136 Ohio App.3d 355. This requirement arises from the specific language of [R.C. 2929.15(B)] which requires the notice be given at the sentencing hearing. The statutory language of R.C. 2929.20(I), however, does not contain the same requirement." Monroe, supra.
[3] We are aware of, but decline to adopt the reasoning in,State v. Evans, 4th Dist. No. 00CA003, 2000-Ohio-2025, wherein the Fourth District Court of Appeals held that "[R.C. 2929.20(I)] expressly states that a trial court granting judicial releasemust reserve the right to reimpose the original sentence on a defendant when that defendant violates a community control sanction. The reservation of such right must also appear on the record. * * * [A]bsence of an express reservation of the right to do so, a trial court has no authority to reimpose the sentence it reduced after a violation of community control sanction(s) on judicial release * * *."
[4] It appears that appellant's argument is made in regards to the requirements of R.C. 2929.15, which is only applicable to defendant's charged with a violation of an original sentence of community control. Such is not the case herein.