OPINION
{¶ 1} Defendant-appellant Gregory A. Ford ("Ford") brings this appeal from the judgment of the Court of Common Pleas of Union County sentencing him to serve the remainder of a three year sentence for violation of community control sanctions.
 {¶ 2} On July 24, 2001, Ford entered a plea of guilty to one count of felonious assault. Ford was sentenced to serve three years in prison on August 31, 2001. On September 24, 2002, Ford was granted judicial release and placed on three years of community control. The trial court notified Ford orally and in writing that "if conditions of community control are violated, the Court may impose * * * a prison term on the Defendant and the Court hereby indicates that in the event the Court does impose a prison sentence on the offender if he/she violates community control, the Court has indicated the Defendant could receive a maximum prison term of up to two years, 11 months." Sept. 24, 2002, Judgment Entry, 2. On June 28, 2005, Ford admitted during a hearing that he had violated his community control by 1) failing to notify and obtain permission prior to changing his residence; 2) failing to report to his supervising officer on May 11, 2005, as directed; and 3) failing to comply with his financial obligations. The trial court then ordered that Ford be returned to prison for three years, less time served. Ford appeals this judgment and raises the following assignment of error.
It was error for the court to impose a jail sentence in excessof the sentence that [Ford] was advised that he could receive ifhe violated community control.
 {¶ 3} The assignment of error raises the question of what sentence a trial court can impose for violation of community control sanctions imposed pursuant to judicial release. A trial court may reduce the offender's stated prison term by granting judicial release. R.C. 2929.20(B). Once the decision is made to grant judicial release, the trial court modifies the sentence to place the offender under appropriate community control sanctions and reserves the right to reimpose the original sentence. R.C.2929.20(I). In this case, the trial court notified Ford when he was sentenced to community control sanctions that if he violated the requirements of his community control, he could be returned to prison to serve a sentence up to 2 years and 11 months. Sept. 24, 2002 Judgment Entry. This was one month shy of the sentence that was originally imposed.
 {¶ 4} When an offender violates a community control sanction, the trial court has three options: 1) lengthen the term of the community control sanction; 2) impose a more restrictive community control sanction; or 3) impose a prison term on the offender pursuant to R.C. 2929.14. R.C. 2929.15(B). If a prison term is imposed, it shall not exceed the prison term specified in the notice provided to the offender when placed upon community control. R.C. 2929.15(B). The trial court is not required to impose the maximum prison term mentioned in the notice and can impose a lesser sentence.
 {¶ 5} This court has previously held that a trial court does not need to make a specific reservation of the right to reimpose the original sentence when judicial release is granted. SeeState v. Mann, 3rd Dist. No. 3-03-42, 2004-Ohio-4703. However, in this case, the trial court did make a specific finding of what the sentence would be if community control sanctions were violated and that sentence was two years and 11 months, not the original sentence of three years. The trial court chose to reduce that sentence by one month. The statute concerning judicial release does not require the trial court to reimpose the original sentence if community control sanctions are violated. Instead, the statute merely states that it is possible. The community control statute, in contrast, does state that the trial court may not impose a prison term exceeding the amount stated in the judgment entry imposing community control for a violation of those community control sanctions. The trial court could have notified Ford that he could have the three year sentence reimposed for a violation of community control sanctions, but did not do so. Therefore, the trial court's imposition of a prison term is limited in length to the amount stated in the judgment entry granting community control, which would be two years and 11 months. For this reason, the assignment of error is sustained.
 {¶ 6} The judgment of the Court of Common Pleas of Union County is reversed and the matter is remanded for resentencing.
Judgment reversed and cause remanded.
 Shaw, J., concurs.
 Cupp, J., concurs separately.