OPINION
{¶ 1} On April 17, 2003, the Stark County Grand Jury indicted appellant, Russell Cash, on one count of felonious assault in violation of R.C. 2903.11 (Case No. 2003CR0439). On June 26, 2003, appellant pled guilty to the charge. By judgment entry filed same date, the trial court sentenced appellant to four years in prison.
 {¶ 2} On July 18, 2003, appellant pled guilty to a bill of information containing one count of felonious assault (Case No. 2003CR0741). By judgment entry filed same date, the trial court sentenced appellant to four years in prison, to be served consecutively to the sentence in Case. No. 2003CR0439. However, the trial court suspended this sentence pending appellant's conduct in prison and on post-release control.
 {¶ 3} Both of these cases arose from incidents involving appellant's girlfriend, Amethyst Kramp.
 {¶ 4} On June 21, 2004, appellant filed a motion for early judicial release. By judgment entry filed February 7, 2005, the trial court granted said motion and placed appellant on intensive supervision probation.
 {¶ 5} On October 26, 2005, appellant's probation officer filed a motion to revoke appellant's community control. By judgment entries filed November 3 and November 14, 2005, the trial court revoked appellant's judicial release and re-imposed the original four year sentences in each case, to be served consecutively, with credit for time served.
 {¶ 6} Appellant filed an appeal in each case and these matters are now before this court for consideration. Appellant assigned the following assignment in each case:
 I {¶ 7} "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THE MAXIMUM PRISON TERM FOR A PROBATION VIOLATION."
 I {¶ 8} Appellant claims the trial court erred in sentencing him to the maximum prison term for a probation violation. We disagree.
 {¶ 9} In each case, appellant was convicted of felonious assault in the second degree, punishable by "two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2). The trial court re-imposed four year sentences in each case. Appellant was never sentenced to the maximum available. However, appellant argues because the trial court ordered the sentences to run consecutively, he in effect received the maximum term. Appellant argues it is contrary to impose the maximum term without specific findings pursuant to R.C. 2929.14 and R.C. 2929.15(B).
 {¶ 10} Because the trial court revoked appellant's community control sanctions, the trial court re-imposed sentences pursuant to R.C. 2929.20(I), not R.C. 2929.15. Therefore, R.C. 2929.14
findings were not required.
 {¶ 11} As our brethren from the Third District stated inState v. Mann, Crawford App. No. 3-03-42, 2004-Ohio-4703, ¶ 6-8:
 {¶ 12} "* * * we begin by noting that the rules dealing with a violation of an original sentence of community control (R.C.2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) contains the term `community control' in reference to the status of an offender when granted early judicial release.
 {¶ 13} "R.C. 2929.15(B) only applies to offenders who were initially sentenced to community control sanctions and permits a trial court to newly impose a prison term upon an offender who later violates the community control sanctions.
 {¶ 14} "In contrast, an offender who has been granted early judicial release has already been ordered to serve a term of incarceration as part of the original sentence but, upon motion by the `eligible offender,' is released early from prison. See R.C. 2929.20(A) and (B). If a trial court chooses to grant early judicial release to an eligible offender, R.C. 2929.20(I) conditionally reduces the already imposed term of incarceration, and the trial court is required to place the eligible offender under appropriate community control sanctions and conditions. * * * The result is that the eligible offender's original prison sentence is then conditionally reduced until the offender either successfully completes the mandatory conditions of community control or violates the conditions of community control. When an offender violates his community control requirements, the trial court may reimpose the original prison sentence and require the offender to serve the balance remaining on the original term." (Citations omitted.)
 {¶ 15} The Mann court further held the following at ¶ 16:
 {¶ 16} "In State v. Gardner (Dec. 1, 1999), Union App. No. 14-99-24, 1999-Ohio-938, this court held that if the conditions of the judicial release are violated, R.C. 2929.20(I) clearly provides that the trial court may reimpose the conditionally reduced sentence without making the findings that are required when a felony sentence is originally imposed. Id.; see also 2929.11 through 2929.14 and R.C. 2929.19."
 {¶ 17} Appellant further argues his alleged probation violation actions were non-criminal and did not warrant prison terms. We disagree. Appellant's community control sanctions were revoked for the following reasons outlined in the report filed October 26, 2005:
 {¶ 18} "The Defendant violated Rule #2 of his/her probation by failing to keep the supervising officer informed of his/her residence and place of employment. The Defendant shall obtain permission from the supervising officer before changing residence or employment. The Defendant understands that if he/she is on release and absconds supervision, he/she may be prosecuted for the crime of escape, under section 2921.34 of the Revised Code.
 {¶ 19} "Defendant stated he works for Mayflower Moving; theyhave no record of him being an employee there.
 {¶ 20} "The Defendant violated Rule #19 of his probation by failing to successfully complete a domestic violence program.
 {¶ 21} "Defendant has missed four (4) sessions withMelymbrosia.
 {¶ 22} "The Defendant violated Rule #22 of his probation by failing to have no contact with Amethyst Kramp.
 {¶ 23} "Defendant was at the victim's home, Amethyst Kramp,on 10-25-05 at 8:30 A.M."
 {¶ 24} During the revocation hearing, appellant admitted to giving his probation officer bogus pay stubs, missing Melymbrosia classes and having contact with Ms. Kramp. T. at 50, 51-52, 54, 55-57, 58-60. Violations do not have to be criminal in nature to warrant the re-imposition of a prison term, otherwise, probationers would ignore all of the non-criminal conditions of their respective probation.
 {¶ 25} Upon review, we find the trial court did not err in re-imposing the four year sentences in each case.
 {¶ 26} The sole assignment of error in each case is denied.
 {¶ 27} The judgments of the Court of Common Pleas of Stark County, Ohio are hereby affirmed.
Farmer, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Court of Common Pleas of Stark County, Ohio are affirmed.