OPINION
{¶ 1} Appellant Dustin Durant ("appellant") appeals the sentence rendered by the Stark County Court of Common Pleas challenging the trial court's failure to notify him of the specific prison term that may be imposed as a result of an additional violation of community control. The following facts give rise to this appeal.
 {¶ 2} In 1999, the Stark County Grand Jury indicted appellant on one count each of improperly discharging a firearm at or near a habitation and one count of criminal damaging or endangering. Appellant plead guilty to the charges and the trial court imposed a community control sanction for a period of three years. About two and one-half years later, in April 2002, the trial court extended, by two years, the term of appellant's sanction. In October 2002, after stipulating to violations, the trial court revoked the community control sanction and sentenced appellant to a three-year prison term for the improperly discharging count and a concurrent sixth-month prison term on the criminal damaging or endangering count.
 {¶ 3} In February 2004, the trial court granted appellant judicial release. The trial court imposed another community control sanction for a period of three years. Despite this second chance, appellant once again had his community control revoked. The trial court imposed the remainder of the sentence that had been imposed in 2002. Approximately ten months later, appellant filed a motion for delayed appeal. We granted said motion and appellant presents the following assignment of error for our consideration:
 {¶ 4} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A TERM OF IMPRISONMENT FOR A SUBSEQUENT VIOLATION OF A COMMUNITY CONTROL SANCTION WHEN THE TRIAL COURT PREVIOUSLY FAILED TO NOTIFY APPELLANT OF THE SPECIFIC PRISON TERM THAT MAY BE IMPOSED AS A RESULT OF AN ADDITIONAL VIOLATION OF COMMUNITY CONTROL SANCTION."
 I {¶ 5} In his sole assignment of error, appellant maintains the trial court erred when it sentenced him to a term of imprisonment, for a subsequent violation of his community control sanction, when the trial court previously failed to notify him of the specific prison term that may be imposed as a result of an additional violation of the community control sanction. We disagree.
 {¶ 6} Appellant argues the trial court failed to comply with R.C. 2929.19(B)(5), R.C. 2929.15(B) and the Ohio Supreme Court's holding in State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110. R.C. 2929.19(B)(5) provides that if a sentencing court decides to impose an authorized community control sanction at a sentencing hearing, "[t]he court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
 {¶ 7} R.C. 2929.15(B), which details procedures for a trial court to follow when an offender has violated the conditions of community control, reiterates the three options available to the sentencing court mentioned in R.C. 2929.19(B)(5). R.C.2929.15(B)(5) further provides that if a prison term is imposed upon an offender for violating a community control sanction, the prison term specified shall be within the range of prison terms available for the offense for which the sanction was imposed and "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) [sic], (B)(5) of section 2929.19 of the Revised Code."
 {¶ 8} Based upon the above-cited statutes, the Ohio Supreme Court, in State v. Brooks, 103 Ohio St.3d 134, paragraph two of the syllabus, held that, "[p]ursuant to R.C. 2929.19(B)(5) and2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation."
 {¶ 9} In the Fraley decision, the Ohio Supreme Court further held that, "[p]ursuant to R.C. 2929.19(B)(5) and2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation." Id. at syllabus.
 {¶ 10} In the case sub judice, appellant received early judicial release under R.C. 2929.20(I). This statute provides, in pertinent part:
 {¶ 11} "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. * * *"
 {¶ 12} As did the Sixth District Court of Appeals in Statev. Mann, Crawford App. No. 3-03-42, 2004-Ohio-4703, we find "* * * the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) contains the term `community control' in reference to the status of an offender when granted early judicial release." Id. at ¶ 6.
 {¶ 13} The court of appeals further explained, in Mann, the differences between the rules dealing with a violation of an original sentence of community control and the rules dealing with judicial release. In doing so, the court stated:
 {¶ 14} "R.C. 2929.15(B) only applies to offenders who were initially sentenced to community control sanctions and permits a trial court to newly impose a prison term upon an offender who later violates the community control sanctions. [Citations omitted.]
 {¶ 15} "In contrast, an offender who has been granted early judicial release has already been ordered to serve a term of incarceration as part of the original sentence but, upon motion by the `eligible offender,' is released early from prison. * * * If a trial court chooses to grant early judicial release to an eligible offender, R.C. 2929.20(I) conditionally reduces the already imposed term of incarceration, and the trial court is required to place the eligible offender under appropriate community control sanctions and conditions. * * * The result is that the eligible offender's original prison sentence is then conditionally reduced until the offender either successfully completes the mandatory conditions of community control or violates the conditions of community control. When an offender violates his community control requirements, the trial court may reimpose the original prison sentence and require the offender to serve the balance remaining on the original term. [Citations omitted.]" Id. at ¶ 7, ¶ 8.
 {¶ 16} Thus, there is no requirement under the judicial release statute that the trial court notify a defendant of the specific prison term that may be imposed as a result of a violation of community control following early judicial release.[1] R.C. 2929.20(I) merely reserves the right of the trial court to reimpose the sentence that is reduced pursuant to the judicial release if the defendant violates the sanction.
 {¶ 17} Although it would be preferred that a trial court explicitly reserve, on the record or in the judgment entry, its right to reimpose the original sentence, the failure of the trial court to do so does not deprive the court of authority to later reimpose the conditionally reduced sentence. See Mann at ¶ 12. In reaching this conclusion, the Mann court explained that by ordering judicial release, the trial court has implicitly reserved the right to reimpose the original sentence in order for the defendant to be released. Id. Without the reservation, the release of the defendant is not permitted. Id.
 {¶ 18} We further conclude that because appellant was subject to a specific term of imprisonment imposed by the trial court at the October 2002 sentencing hearing, we cannot find that he has not been informed of the specific term of imprisonment conditionally reduced by the trial court's granting of early judicial release.[2]
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant.
[1] We acknowledge that this view differs from that adopted by the Fourth District Court of Appeals in State v. Evans, Meigs App. No. 00CA003, 2000-Ohio-2025, wherein the court of appeals stated: "[R.C. 2929.20(I)] expressly states that a trial court granting judicial release must reserve the right to reimpose the original sentence on a defendant when that defendant violates a community control sanction. The reservation of such right must also appear on the record. * * * [A]bsence of an express reservation of the right to do so, a trial court has no authority to reimpose the sentence it reduced after a violation of community control sanction(s) on judicial release * * *." (Emphasis sic.)
[2] The record establishes that the trial court failed to notify appellant of a specific prison term that would be imposed upon the revocation of his original community control sanction. That sanction was revoked and the trial court sentenced appellant to a prison term. Appellant did not appeal this sentence, which he could have, and challenged the trial court's failure to comply with R.C. 2929.15(B) and R.C. 2929.(B)(5). Stark County, Case No. 2005 CA 00314.