OPINION
{¶ 1} Appellant, Todd Lindley Windsor, appeals the sentence rendered by the Richland County Court of Common Pleas challenging the trial court's failure to notify him of the specific prison term that may be imposed as a result of an additional violation of community control. The following facts give rise to this appeal.
 {¶ 2} In 2002, the Richland County Grand Jury indicted appellant on five counts of Forgery, felonies of the fifth degree in violation of R.C. 2913.31(A)(1). Appellant plead guilty to the charges and the trial court imposed a community control sanction for a period of three years.
 {¶ 3} In August, 2004 after stipulating to violations, the trial court revoked the community control sanction and sentenced appellant to a six month prison term on each of the five counts. The court further ordered the sentences be served consecutively, for an aggregate prison term of thirty months.
 {¶ 4} On October 20, 2004, the trial court granted appellant's motion for judicial release. The trial court imposed another community control sanction for a period of three years. Despite this second chance, appellant once again had his community control revoked after stipulating to the violation on December 7, 2005. The trial court imposed the remainder of the sentence that had been imposed in 2002 by Judgment Entry filed December 29, 2005.
 {¶ 5} On March 3, 2006 appellant again filed a motion for judicial release which was denied by the trial court by Judgment Entry filed April 17, 2006.
 {¶ 6} It is from the trial court's denial of appellant's second motion for judicial release that appellant has appealed, presenting the following assignment of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO PRISON WHEN A PRISON SENTENCE WAS NOT GIVEN AT SENTENCING."
 I. {¶ 8} Appellant argues the trial court failed to comply with R.C.2929.19(B) (5), R.C. 2929.15(B) and the Ohio Supreme Court's holding inState v. Fraley, 105 Ohio St.3d.13, 2004-Ohio-7110.
 {¶ 9} R.C. 2929.19(B)(5) provides that if a sentencing court decides to impose an authorized community control sanction at a sentencing hearing, "[t]he court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
 {¶ 10} In the case sub judice, appellant received early judicial release under R.C. 2929.20(I). This statute provides, in pertinent part:
 {¶ 11} "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to re-impose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court re-imposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. * * * "
 {¶ 12} We note that appellant failed to provide this court with the transcripts of his original sentencing hearing and the subsequent hearings concerning his violations of community control sanctions.
 {¶ 13} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, citingState v. Skaggs (1978), 53 Ohio St.2d 162, 163. This requirement is set forth in App.R. 9(B), which provides, in pertinent part, as follows: "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." Further, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp at 199.
 {¶ 14} In the case sub judice, appellant did not meet his burden, under App.R. 9(B), and supply this Court with a transcript of the proceedings from his original plea and the original sentencing. If such transcript were unavailable other options were available to appellant in order to supply this Court with a transcript for purposes of review. Specifically, under App. R. 9(C), appellant could have submitted a narrative transcript of the proceedings, subject to objections from appellee and approval from the trial court. Also, under App. R. 9(D), the parties could have submitted an agreed statement of the case in lieu of the record. The record in this matter indicates appellant did not attempt to avail himself of either App. R. 9(C) or 9(D).
 {¶ 15} Assuming arguendo that the record, if it had been filed, would establish that the trial court failed to notify appellant of a specific prison term that would be imposed upon the revocation of his original community control sanction we would nonetheless overrule appellant's sole assignment of error.
 {¶ 16} The original community control sanction imposed in 2002 was revoked by the trial court. The trial court sentenced appellant to a prison term on August 12, 2004. Appellant did not appeal this sentence, which he could have, and challenged the trial court's failure to comply with R.C. 2929.15(B) and R.C. 2929. (B)(5). See, State v. Durant, 5th Dist. No. 2005CA00314, 2006-Ohio-4067 at ¶ 18, n. 2.
 {¶ 17} In Durant, supra, this court relied upon the Sixth District Court of Appeals decision in State v. Mann, Crawford App. No. 3-03-42,2004-Ohio-4703, in finding that " * * * the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C.2929.20(I) contains the term `community control' in reference to the status of an offender when granted early judicial release." Id.
at ¶ 6.
 {¶ 18} The court in Durant further noted "[t]he court of appeals further explained, in Mann, the differences between the rules dealing with a violation of an original sentence of community control and the rules dealing with judicial release. In doing so, the [Mann] court stated: `R.C. 2929.15(B) only applies to offenders who were initially sentenced to community control sanctions and permits a trial court to newly impose a prison term upon an offender who later violates the community control sanctions. [Citations omitted.] In contrast, an offender who has been granted early judicial release has already been ordered to serve a term of incarceration as part of the original sentence but, upon motion by the `eligible offender,' is released early from prison. * * * If a trial court chooses to grant early judicial release to an eligible offender, R.C. 2929.20(I) conditionally reduces the already imposed term of incarceration, and the trial court is required to place the eligible offender under appropriate community control sanctions and conditions. * * * The result is that the eligible offender's original prison sentence is then conditionally reduced until the offender either successfully completes the mandatory conditions of community control or violates the conditions of community control. When an offender violates his community control requirements, the trial court may re-impose the original prison sentence and require the offender to serve the balance remaining on the original term. [Citations omitted.]'Mann at ¶ 7, ¶ 8.
 {¶ 19} "Thus, there is no requirement under the judicial release statute that the trial courts notify a defendant of the specific prison term that may be imposed as a result of a violation of community control following early judicial release". Durant, supra at ¶ 13-16.
 {¶ 20} We conclude, as did the court in Durant, that because appellant was subject to a specific term of imprisonment imposed by the trial court at the August 2004 sentencing hearing for his first violation of community control sanctions, we cannot find that he has not been informed of the specific term of imprisonment conditionally reduced by the trial court's granting of early judicial release. At that time the trial court imposed a sentence of thirty months. Appellant was sent to prison on August 12, 2004 and was granted judicial release on October 20, 2004.
 {¶ 21} R.C. 2929.20(I) merely reserves the right of the trial court to re-impose the sentence that is reduced pursuant to the judicial release if the defendant violates the sanction. Durant, supra at ¶ 16. This is precisely what has occurred in appellant's case.
 {¶ 22} Appellant's sole assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed. Costs to appellant.