OPINION *Page 2 
{¶ 1} Following the granting of judicial release and a subsequent violation of the terms, the Trial Court amended appellee's sentence. Appellant State of Ohio appeals the May 29, 2007, Judgment of the Richland County Court of Common Pleas revoking appellee Ronald L. Mitchell's community control and modifying appellee's original sentence from twelve months to nine months.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The appellee was indicted by the Richland County Grand Jury on one count of theft, a felony of the fourth degree, with the value of the stolen property being in excess of $5,000.00 but less than $100,000.00. On August 12, 2003, he appeared before the trial court and pled guilty to the theft charge. He was sentenced to three-years of community control, and was ordered to pay restitution.
 {¶ 3} On May 19, 2004, the appellee was charged with violating the terms of his community control. He was found guilty of the violation. At that time, the trial court extended his community control until November 2007.
 {¶ 4} The appellee was charged with a second probation violation on November 7, 2005, and a bench warrant was issued for his arrest. On March 16, 2006, he appeared before the trial court and pled guilty to counts 1(A), 1(B), 1(C), 2, 3(A), 3(B), 3(C), and 3(D) of the community control violation. The appellee was sentenced to twelve months in prison for these violations.
 {¶ 5} On August 14, 2006, the trial court held a hearing on the appellee's motion for judicial release pursuant to R.C. 2929.20. Following the hearing, the court granted the appellee's motion, suspending the remainder of his twelve-month prison term. He *Page 3 
was placed on five years of community control, with the conditions that he set up a payment plan for restitution; seek and maintain full time employment; get an evaluation and treatment for substance abuse; submit to random drug and alcohol testing; and stay out of high drug traffic areas in Mansfield.
 {¶ 6} On November 7, 2006, a complaint alleging that the appellee violated four of the conditions of his release was filed against him, and a bench warrant was issued for his arrest. The appellee was served with the warrant and arraigned on May 15, 2007. Also on that date, his probation officer filed a probation violation addendum that alleged five additional violations. Following his admission to violations in both the original probation violation and the addendum, the trial court sentenced the appellee to nine months in prison with credit for time served. In its May 29, 2007 community control violation journal entry, the trial court noted that the sentence was amended from the previous twelve-month sentence that was suspended by judicial release.
 {¶ 7} The State filed a notice of appeal of the amended sentence on June 8, 2007, claiming an appeal as of right under R.C. 2953.08(B). On July 5, 2007, this Court issued an entry ordering the State to comply with App.R. 5(C), in seeking an appeal with leave of the court. This Court granted the State's motion for leave to appeal on July 18, 2007.
 {¶ 8} Appellant has raised the following assignment of error for our consideration:
 {¶ 9} "I. THE TRIAL COURT ACTED CONTRARY TO LAW WHEN IT IMPROPERLY MODIFIED THE DEFENDANT'S SENTENCE RATHER THAN RE-IMPOSING THE SENTENCE THAT WAS SUSPENDED BY JUDICIAL RELEASE." *Page 4 
 I. {¶ 10} Prior to considering appellant's assignments of error, we begin by noting that the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C.2929.20) even though the language of R.C. 2929.20(I) contains the term "community control" in reference to the status of an offender when granted early judicial release. State v. Mann, 3rd Dist. No. 3-03-42, 2004-Ohio-4703 at ¶ 6; State v. Durant, Stark App. No. 2005 CA 00314,2006-Ohio-4067.
 {¶ 11} The Court of Appeals for the Third District further explained, in Mann, the differences between the rules dealing with a violation of an original sentence of community control and the rules dealing with judicial release. In doing so, the court stated:
 {¶ 12} "R.C. 2929.15(B) only applies to offenders who were initially sentenced to community control sanctions and permits a trial court to newly impose a prison term upon an offender who later violates the community control sanctions. [Citations omitted.]
 {¶ 13} "In contrast, an offender who has been granted early judicial release has already been ordered to serve a term of incarceration as part of the original sentence but, upon motion by the "eligible offender," is released early from prison. * * * If a trial court chooses to grant early judicial release to an eligible offender, R.C. 2929.20(I) conditionally reduces the already imposed term of incarceration, and the trial court is required to place the eligible offender under appropriate community control sanctions and conditions. * * * The result is that the eligible offender's original prison sentence is *Page 5 
then conditionally reduced until the offender either successfully completes the mandatory conditions of community control or violates the conditions of community control. When an offender violates his community control requirements, the trial court may re-impose the original prison sentence and require the offender to serve the balance remaining on the original term. [Citations omitted.] Mann at ¶ 7, ¶ 8.
 {¶ 14} "Thus, there is no requirement under the judicial release statute that the trial court notify a defendant of the specific prison term that may be imposed as a result of a violation of community control following early judicial release. R.C. 2929.20(I) merely reserves the right of the trial court to re-impose the sentence that is reduced pursuant to the judicial release if the defendant violates the sanction.
 {¶ 15} "Although it would be preferred that a trial court explicitly reserve, on the record or in the judgment entry, its right to re-impose the original sentence, the failure of the trial court to do so does not deprive the court of authority to later re-impose the conditionally reduced sentence. See Mann [2004-Ohio-4703] at ¶ 12. In reaching this conclusion, the Mann court explained that by ordering judicial release, the trial court has implicitly reserved the right to re-impose the original sentence in order for the defendant to be released. Id. Without the reservation, the release of the defendant is not permitted. Id."Durant, 2006-Ohio-4067 at ¶ 12-17.
 {¶ 16} Durant, supra, points out the distinction between R.C.2929.15(B), 2929.19(B) (5), and R.C. 2929.20(I). R.C. 2929.19(B) (5) specifically requires the trial court to notify a defendant of the exact amount of imprisonment that may be imposed upon a violation of community control. R.C. 2929.20(I) does not specifically require a court to notify a defendant that it reserves the right to impose the remainder of a prison *Page 6 
sentence. The defendant has been notified of his or her sentence at a previous hearing and knows already what his or her sentence is and what portion, as of the time of a judicial release, remains unserved.
 {¶ 17} We conclude, as did the court in Durant, that because appellee was subject to a specific term of imprisonment imposed by the trial court at the March 16, 2006 sentencing hearing for his second violation of community control sanctions, we cannot find that he has not been informed of the specific term of imprisonment conditionally reduced by the trial court's granting of early judicial release. At that time, the trial court imposed a sentence of twelve months. Appellee was sent to prison. Appellee did not appeal this sentence, which he could have, and challenged the trial court's failure to comply with R.C. 2929.15(B) and R.C. 2929.19(B) (5). See, State v. Durant, 5th Dist. No. 2005CA00314,2006-Ohio-4067 at ¶ 18, n. 2.
 {¶ 18} On August 14, 2006, the trial court granted appellee judicial release. State v. Windsor, 5th Dist. No. 2006-CA-17,2007-Ohio-482 at ¶ 20. R.C. 2929.20(I) merely reserves the right of the trial court to re-impose the sentence that is reduced pursuant to the judicial release if the defendant violates the sanction.Durant, supra at ¶ 16. It does not authorize the trial court to modify the original sentence.
 {¶ 19} In the case at bar, the trial court suspended a twelve month prison sentence when it granted judicial release on August 14, 2006. Instead of re-imposing the twelve-month sentence with credit for any time served in accordance with R.C. 2929.20(I), the trial court purported to modify the sentence to nine months. We find that the trial court was without authority to modify the twelve-month sentence suspended by judicial release. *Page 7 
 {¶ 20} Accordingly, the appellant's first assignment of error is sustained.
 {¶ 21} The judgment of the Richland County Court of Common Pleas is reversed and this matter is remanded for proceedings in accordance with our opinion and the law.
 Gwin, P.J., Farmer, J., and Wise, J., concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Richland County Court of Common Pleas is reversed and this matter is remanded for proceedings in accordance with our opinion and the law. Costs to appellee. *Page 1