OPINION
{¶ 1} Appellant, the State of Ohio, appeals from a post-judicial release sentencing order, in the Richland County Court of Common Pleas, regarding Defendant-Appellee Jeffrey Carter. The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 21, 2005, in common pleas case number 2004-CR-757H, appellee appeared before the trial court and entered a plea of guilty to the charge of unauthorized use of property, a felony of the fifth degree. On May 16, 2005, appellee was sentenced to one year in prison, suspended, plus two years of community control. He was also ordered to pay restitution.
 {¶ 3} In addition, on October 13, 2005, in common pleas case number 2005-CR-391H, appellee appeared before the trial court and entered a plea of guilty to nonsupport of dependents, a felony of the fifth degree. On December 1, 2005, appellee was sentenced to nine months in prison, suspended, plus two years of community control. He was also ordered to pay restitution.
 {¶ 4} On March 29, 2006, appellee was brought before the court, at which time he admitted to community control violations. At that time, the trial court ordered that appellee serve his previously suspended prison sentences, consecutively, for a total term of twenty-one months.
 {¶ 5} However, on July 24, 2006, the trial court granted appellee judicial release (R.C. 2929.20). At that time, appellee had served approximately four months of his twenty-one month sentence. The remainder of that sentence was suspended, and appellee was placed on three years of community control. *Page 3 
 {¶ 6} On June 13, 2007, appellee again appeared before the court and admitted to violating judicial release terms by testing positive for controlled substances, violating curfew, and consuming alcohol. In dual judgment entries filed June 14, 2007, the trial court re-imposed appellee's twenty-one month sentence, but instead of sending appellee directly to prison, the court again suspended the prison time on condition of zero tolerance for future violations. The court also "extended" appellee's community control two years from the date of the order.
 {¶ 7} On June 26, 2007, the State filed a notice of appeal. This Court granted leave for the appeal on July 19, 2007. The State herein raises the following sole Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT ACTED CONTRARY TO LAW WHEN IT IMPROPERLY MODIFIED THE DEFENDANT'S SENTENCE RATHER THAN REIMPOSING THE SENTENCE THAT WAS SUSPENDED BY JUDICIAL RELEASE."
 I. {¶ 9} In its sole Assignment of Error, Appellant State of Ohio contends the trial court committed reversible error by improperly "modifying" appellee's sentence upon his violation of the terms of judicial release. We disagree.
 {¶ 10} The relevant statutory subsection, R.C. 2929.20(I), states in pertinent part: "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the *Page 4 
offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. * * *."
 {¶ 11} In the case sub judice, the trial court suspended appellee's twenty-one month prison sentence upon granting judicial release on July 24, 2006. However, when appellee later violated the terms of his judicial release, the court "re-suspended" the twenty-one month combined sentence, rather than ordering incarceration on the twenty-one month prison term with credit for time served. The State further notes that these dual judgment entries of June 14, 2007, which "extended" community control two years, actually resulted in community control scheduled to end in mid-June 2009, rather than the original end date of July 24, 2009, thus arguably cutting off more than one month of community control.
 {¶ 12} Upon review of R.C. 2929.20(I), we are unpersuaded the trial court acted contrary to law or without statutory authority in this case in re-suspending appellee's twenty-one month prison sentence and effectively reducing his community control by one month. This Court has recognized that R.C. 2929.20(I), supra, merely "reserves the right" of the trial court to reimpose the sentence that was reduced pursuant to judicial release, upon a subsequent violation of a corresponding sanction. See State v. Durant, Stark App. No. 2005 CA 00314,2006-Ohio-4067, ¶ 16. The statute in question does not evince any intent by the General Assembly to restrict the alternative utilized in the case sub judice. *Page 5 
 {¶ 13} In reaching our holding, we recognize that we recently held in favor of the State of Ohio on an identically-worded assigned error inState v. Mitchell, Richland App. No. 2007-CA-0046, 2007-Ohio-6343. However, in that case, the trial court had amended a twelve-month prison sentence to nine months, as opposed to simply "re-suspending" the original prison sentence. See id. at ¶ 6.
 {¶ 14} The State's sole Assignment of Error is overruled.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
 Gwin, P. J., and Farmer, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs assessed to Appellant State of Ohio. *Page 1