[Cite as *State v. Vanmeter*, 2011-Ohio-6110.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-0032 |
| ANDREW J. VANMETER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal appeal from the Fairfield County
                            Court of Common Pleas, Case No. 2006-
                            CR-0197


JUDGMENT:                   Affirmed




DATE OF JUDGMENT ENTRY:     November 21, 2011

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

GREG MARX                           SCOTT P. WOOD
Fairfield County Prosecutor         DAGGER, JOHNSTON, MILLER,
239 West Main St., Ste. 101         OGILVIE & HAMPTON
Lancaster, OH 43130                 144 East Main Street
                                    Lancaster, OH  43130

*Gwin, P.J.*

{1} Defendant-appellant, Andrew J. Vanmeter, appeals the June 10, 2011 judgment entry of the Fairfield County Court of Common Pleas that revoked his community control following judicial release and re-imposed his sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE[1]

{2} On May 26, 2006, appellant was indicted on two counts of kidnapping, one count of abduction, one count of rape, all felony charges, and one count of domestic violence, a first-degree misdemeanor.

{3} As part of the negotiated plea agreement, the State dismissed Counts 1, 2, and 4 when appellant pled guilty to Counts 3 and 5, with a joint recommendation for a total sentence of 4 ½ years. The parties jointly agreed to a prison sentence of 4 years on Count 3, consecutive to a 6-month sentence on Count 5.

{4} On September 28, 2006, appellant entered guilty pleas and was convicted of one count of abduction, in violation of R.C. 2905.02(A)(2), a felony of the third degree, and one count of domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree. The trial court sentenced appellant to four years in prison on the felony abduction and six months in jail on the misdemeanor domestic violence. The trial court ordered that the sentences be served consecutive to each other. The trial court noted that appellant's sentence was a joint plea agreement in accordance with Revised Code 2953.08(D). Further, the trial court noted that the parties

---

[1] A Statement of the Facts underlying Appellant's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in Appellant's assignment of error shall be contained therein.

agreed that appellant would begin his jail sentence on the misdemeanor upon completion of his prison sentence for the felony charge. [Judgment Entry of Sentence, October 5, 2006 at 3]. Appellant did not file an appeal from the October 5, 2006 Judgment Entry[2].

{5}     Appellant was sent to a state penal institution and, by Judgment Entry filed December 10, 2007, appellant was granted judicial release and placed on community control for a period of five years.

{6}     On March 19, 2008, the appellant was sentenced to fifteen days in jail upon a stipulation that he had violated the conditions of his community control.

{7}     On March 30, 2010, the State filed a motion to revoke appellant's community control sanctions citing a variety of alleged violations of conditions. A Probable Cause hearing was held on April 1, 2010, and upon finding probable cause, the trial court scheduled a revocation hearing for May 3, 2010. On April 30, 2010 appellant's trial counsel filed a motion to continue the revocation hearing. By Judgment Entry filed May 13, 2010, the trial court continued the hearing to May 27, 2010.

{8}     A hearing to revoke appellant community control sanctions took place on May 27, 2010. By Judgment Entry filed June 14, 2010 the trial court modified appellant's community control sanctions to include successful completion of the "EOCC program and follow all recommendations of that program…" The court noted in this Judgment Entry that the original sentences had been ordered to be served consecutively. Appellant did not appeal the June 14, 2010 Judgment Entry of the trial court modifying the terms of his community control sanctions.

---

[2] The transcript from the original sentencing, which took place on September 28, 2006, was not made a part of the record for purposes of this appeal.

{9}    On March 31, 2011, the State filed a motion to revoke appellant's community control sanctions citing a variety of alleged violations of conditions. A Probable Cause hearing was held on May 3, 2011, and upon finding probable cause, the trial court scheduled a revocation hearing for June 6, 2011.

{10}    On June 6, 2011, a hearing was held on the State's motion to revoke appellant's community control. At that hearing, appellant stipulated to the violations and requested the trial court to allow appellant to remain on community control. Appellant also argued that if the trial court were to order into execution the balance of his sentence, appellant should be given credit for all time served toward the four-year sentence on the felony charge since the felony sentence and misdemeanor sentence should have been ordered concurrently with each other. The trial court took the matter under advisement.

{11}    The trial court conducted the sentencing hearing on June 8, 2011. The trial court revoked appellant's community control and imposed the balance of appellant's sentence. During that hearing the trial court noted,

{12}    "After reviewing the file, which is the written record in the case, considering the statements made by everybody who spoke on June the 6th and applying the law, the court finds,  Mr. VanMeter, with respect to count five - that's the domestic violence that there was a six-month jail sentence in that case. The court finds that that sentence has been served. In other words, you've already served more than 180 days in the Fairfield County Jail. A six-month sentence is a 180-day sentence, actually. And that time has been served.

**{13}** "With respect to count three, the abduction with the four-year felony sentence, the court finds that you are not amenable to community control and revokes your community control and orders the balance of that sentence into effect.

**{14}** "At the hearing we had the other day, there were some calculations put out there about the amount of credit. And the court grants the credit. There was a total of 870 days up to or through May 27th. And so what I did -- and if you apply 180 days of those 870 days, that left-- to the misdemeanor count, that leaves 690 days as of May the 27th to give you credit for. And what I did, I brought it through today, June the 8th, which is a total of 702 days credit through today, June the 8th, against that sentence.

**{15}** "And the court finds, after reviewing the law, Section 2929.41, specifically Sections (A) and (B)(1), but that entire section of 2929.41, that it is lawful to order both misdemeanor and felony sentences to be served consecutively to each other. And the court finds that it did that…." (Sent. T. June 8, 2011 at 4-5).

**{16}** Appellant has timely appealed raising as his sole assignment of error:

**{17}** "I. THE TRIAL COURT FAILED TO GIVE APPELLANT THE PROPER AMOUNT OF JAIL TIME CREDIT AS A RESULT OF A SENTENCE THAT WAS CONTRARY TO LAW."

I.

**{18}** Appellant argues that the trial court erred by ordering appellant to serve his felony prison sentence consecutively to his jail sentences for his misdemeanor convictions. According to appellant, Ohio law requires that the sentences for his misdemeanor convictions be served concurrently with his sentence based on his felony conviction. Therefore, appellant argues, the trial court should have credited the 180

days appellant served in jail for his misdemeanor convictions toward the four-year prison sentence he received for violating the community control imposed by the trial court. We disagree.

{19} Prior to considering appellant's assignments of error, we begin by noting that the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) contains the term "community control" in reference to the status of an offender when granted early judicial release. *State v. Mann*, 3rd Dist. No. 3-03-42, 2004-Ohio-4703 at ¶6; *State v. Durant,* Stark App. No. 2005 CA 00314, 2006-Ohio-4067.

{20} The Court of Appeals for the Third District further explained, in *Mann,* the differences between the rules dealing with a violation of an original sentence of community control and the rules dealing with judicial release. In doing so, the court stated:

{21} "R.C. 2929.15(B) only applies to offenders who were initially sentenced to community control sanctions and permits a trial court to newly impose a prison term upon an offender who later violates the community control sanctions. [Citations omitted.]

{22} "In contrast, an offender who has been granted early judicial release has already been ordered to serve a term of incarceration as part of the original sentence but, upon motion by the "eligible offender," is released early from prison. * * * If a trial court chooses to grant early judicial release to an eligible offender, R.C. 2929.20(I) conditionally reduces the already imposed term of incarceration, and the trial court is required to place the eligible offender under appropriate community control sanctions

and conditions. * * * The result is that the eligible offender's original prison sentence is then conditionally reduced until the offender either successfully completes the mandatory conditions of community control or violates the conditions of community control. When an offender violates his community control requirements, the trial court may re-impose the original prison sentence and require the offender to serve the balance remaining on the original term. [Citations omitted.] *Mann* at ¶ 7, ¶ 8.

{23} In the case at bar, the trial court ordered that the sentences be served consecutive to each other. The trial court noted that appellant's sentence was a joint plea agreement in accordance with Revised Code 2953.08(D). Further, the trial court noted that the parties agreed that appellant would begin his jail sentence on the misdemeanor upon completion of his prison sentence for the felony charge. The trial court further ordered that the jail time credits "should be applied to the jail sentence imposed herein…" [Judgment Entry of Sentence, October 5, 2006 at 3]. Appellant was sent to prison. Appellant did not appeal this sentence, which he could have, and challenged the trial court's failure to run misdemeanor conviction concurrently with his felony sentence or the trial court's order that jail time credit be granted against appellant's jail as opposed to prison, sentence.[3]

{24} A trial court is authorized to make a misdemeanor jail sentence consecutive to a felony prison sentence. R. C. 2929.41 states in pertinent part as follows.

{25} "(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment

---

[3] We note again that the record before this Court indicates that appellant agreed to both the consecutive nature of the sentences and the grant of jail time credit.

when the trial court specifies that it is to be served consecutively *or* when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code." (Emphasis added).

**{26}**     In the case at bar, the trial court specifically ordered the sentences to be served consecutive to one another by agreement of the parties.

**{27}**     Accordingly, appellant's sole Assignment of Error is overruled.

**{28}**     The judgment of the Fairfield County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. PATRICIA A. DELANEY


WSG:clw 1109

[Cite as *State v. Vanmeter*, 2011-Ohio-6110.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
          Plaintiff-Appellee          :
                                       :
                                       :
-vs-                                   :         JUDGMENT ENTRY
                                       :
ANDREW J. VANMETER                     :
                                       :
                                       :
          Defendant-Appellant         :         CASE NO. 2011-CA-0032


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY