{¶ 1} The State appeals from the judgment of the Richland County Common Pleas Court reducing the prison sentence of Defendant Mano James upon revocation of judicial release under R.C. 2929.20(I). Defendant cross-appeals the imposition of any prison term upon revocation of judicial release.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} In November, 2002, Defendant, then age 18, was indicted in Case No. 2002-CR702H, for one count of burglary. On March 7, 2003, he pled guilty to an amended charge of receiving stolen property, a felony of the fifth degree. On July 10, 2003, the trial court sentenced the Appellee to three years of community control. The sentencing entry advised that "[v]iolation of community control will lead to a more restrictive sanction up to a prison term of 1 year." The record does not include a transcript of the March 7, 2003 plea hearing.
 {¶ 3} On September 16, 2003, Defendant was arrested at his place of employment and subsequently he was charged with committing certain felony crimes as described below. He remained in jail during the pendency of these charges.
 {¶ 4} On May 25, 2004, Defendant was brought before the court for a community control violation in 2002-CR702H. At that time, he was sentenced to one year in prison. He was given jail time credit since his incarceration on September 16, 2003 (approximately 10 months).
 {¶ 5} In Case No. 2003-CR-637H, the Defendant was indicted on two counts of aggravated burglary and two counts of aggravated robbery. On May 25, 2004, he entered a guilty plea to an amended charge of robbery, a felony of third degree. The *Page 3 
State dismissed the remaining three counts of the indictment in exchange for the Defendant's plea. The trial court imposed a sentence of five years community control on this amended charge. The sentencing entry states: "[t]he court has considered the factors in R.C. 2929.13
and sentences the defendant to 5 years of COMMUNITY CONTROL to include the conditions and sanctions listed on the attached sheet. Violation of community control will lead to a more restrictive sanction up to a prison term of 5 years." The trial court also stated on the record:
 {¶ 6} "THE COURT: * * * [A]nd in consideration for that you'd make a plea to the burglary charge in the old case and get community control on this case after you'd done a year. That's probably the best deal I've ever seen offered anybody ever. Do you have any objection to that?
 {¶ 7} "MR. JAMES: No, sir.
 {¶ 8} "THE COURT: And do you understand, however, if you come out on community control — when you come out after a year, if you violate community control rules, you can and will go back to the institution for up to five years. You understand that?
 {¶ 9} "MR. JAMES: Yes, sir.
 {¶ 10} Sentencing Transcript, May 25, 2004, at 4.
 {¶ 11} Defendant subsequently violated the conditions of his community control on August 5, 2005 by operating a vehicle without a valid operator's license and a curfew violation. He also was separately charged and indicted for failing to comply with a police officer's order, a felony of the third degree (Case No. 2005-CR-639H). *Page 4 
 {¶ 12} On September 22, 2005, Defendant admitted to community control violations, and was sentenced to two years in prison in Case No. 2003-CR-637H. He also pled guilty as charged in Case No. 2005-CR-639H and was sentenced to two years in prison. This sentence was to run consecutive to the two-year sentence imposed for the community control violation in Case No. 2003-CR-637H, and concurrent to the one-year sentence imposed for the community control violation in Case No. 2002-CR-702H.
 {¶ 13} As of September 22, 2005, Defendant's aggregate sentence on all three cases was four years in prison. At no time did Defendant appeal any sentence imposed upon him.
 {¶ 14} On June 2, 2006, the trial court granted Defendant judicial release in all three cases pursuant to R.C. 2929.20. As a condition of his release, he was placed on three years probation under the supervision of the Richland County Court Services. In December 2006, Defendant's probation officer filed probation violations against him. Defendant appeared before the trial court on January 17, 2007 for a final hearing on those probation violations. At that time, Defendant entered an admission to the violation that he was terminated from the CROSSWAEH Community Based Correctional Facility because he verbally threatened to kill a woman over the telephone.
 {¶ 15} Prior to accepting his admission, the trial court advised Defendant that the court could reimpose the four-year prison sentence which was suspended by his judicial release. However, the court indicated" * * * [s]o your going to be going back to the institution. You won't be there a long time. You will use that time that you're there to get ready to get out. Get ready to get out, because no amount of time is enough time if you don't use it to confirm in your mind that you will never, ever commit other crimes of any *Page 5 
kind; that you will develop your education and develop your intelligence; develop your skills; and become the man that you possibly can be". T. at 13.
 {¶ 16} The trial court amended Defendant's sentence in Case No. 2003-CR-637H and 2005-CR-639H to a minimum one-year consecutive prison term, with credit for timed served (34 days). The court also dismissed Case No. 2002-CR702H, indicating that Defendant had served his time for that case. The State objected to the modification of the sentence, given that Defendant was granted judicial release. T. at 15.
 {¶ 17} The State of Ohio raises one Assignment of Error:
 {¶ 18} "I. THE TRIAL COURT ERRED IN REDUCING THE DEFENDANT-APPELLEE'S PRISON SENTENCE WITHOUT AUTHORITY TO DO SO AND AFTER THE SENTENCE WAS FINAL."
 {¶ 19} Defendant also filed a cross-appeal raising the following Assignments of Error:
 {¶ 20} "I. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO A TERM OF IMPRISONMENT ON BOTH SEPTEMBER 22, 2005 AND JANUARY 17, 2007, AS THE COURT FAILED TO ADVISE DEFENDANT OF A SPECIFIC EXPECTED PRISON TERM FOR A COMMUNITY CONTROL VIOLATION AT HIS INITIAL SENTENCING IN THIS MATTER MAY 25, 2004."
 {¶ 21} "II. CROSS-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND BY ARTICLE ONE, SECTIONS 2, 10, AND 16 OF THE OHIO CONSTITUTION WHERE TRIAL COUNSEL FAILED TO OBJECT TO *Page 6 
PRISON SENTENCES IMPOSED BY THE TRIAL COURT SEPTEMBER 22, 2005 AND JANUARY 17, 2005 FOR COMMUNITY CONTROL VIOLATIONS."
 I. {¶ 22} The State's single assignment of error claims that the trial court erred in reducing appellee's previously imposed sentence after being granted judicial release. We agree.
 {¶ 23} Criminal procedure in Ohio is governed by statute and the only sentence which a trial court may impose is that provided by statute.State v. Beasley (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774.
 {¶ 24} R.C. 2929.20 governs motions for judicial release, and reads in pertinent part: "Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release * * *. (I) If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the rightto reimpose the sentence that it reduced pursuant to the judicialrelease if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of the community-control sanction shall be no longer than five years. The court, in its discretion, may reduce the period of the *Page 7 
community-control sanction by the amount of time the eligible offender spent in jail for the offense and in prison. * * *" (Emphasis added.)
 {¶ 25} "The plain, unambiguous language set forth in R.C. 2929.20
limits a trial court to reimposing the reduced, original prison term upon a defendant's violation of conditions of early judicial release."State v. Hardy, Cuyahoga App. No. 83572, 2004-Ohio-2696, ¶ 6 (reversing a trial court's imposition of an increased prison sentence upon termination of judicial release).
 {¶ 26} The Ohio Supreme Court has recently stated: "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void". State v.Cunningham, 113 Ohio St.3d 108, 863 N.E.2d 120, 2007-Ohio-1245, at ¶ 23 (citation omitted). "When a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing." State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, ¶ 10 (citation omitted).
 {¶ 27} Based upon the facts of this case, the trial court disregarded the statutory requirement to reimpose the specific term of imprisonment conditionally reduced by the trial court's granting of early judicial release. Thus, the trial court's imposition of a reduced sentence or dismissal of a sentence upon revocation of judicial release is reversed and we remand for resentencing.
 {¶ 28} Accordingly, the State's single assignment of error is sustained.
 CROSS APPEAL I, II {¶ 29} Defendant's cross-assignments of error are interrelated and will be addressed together. *Page 8 
 {¶ 30} Defendant argues the trial court erred when it sentenced him to prison terms at both the September 22, 2005 and January 17, 2007 hearings, as the trial court "failed to advise Defendant of a specific expected prison terms for community control violation at his initial sentence in the matter May 25, 2004."
 {¶ 31} Defendant bases his argument on R.C. 2929.19(B)(5) and the Ohio Supreme Court's decision in State v. Brooks, 103 Ohio St.3d 134,814 N.E.2d 837, 2004-Ohio-4746, holding a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. Id. at syllabus 2.
 {¶ 32} We begin our analysis with Defendant's claimed error regarding the May 25, 2004 sentencing, wherein the trial court imposed a sentence of five years of community control on the amended charge of robbery in Case No. 2003-CR-637H.
 {¶ 33} On September 22, 2005, Defendant admitted to community control violations, and was sentenced to two years in prison in the matter. Importantly, Defendant did not file an appeal challenging the September 22, 2005 prison sentence which could have raised a valid Brooks claim. Because the Defendant could or should have raised this issue on direct appeal, the Defendant is barred from indirectly challenging his 2005 prison sentence in this appeal under the doctrine of res judicata.
 {¶ 34} Defendant further contends a Brooks violation occurred at the January 17, 2007 hearing, wherein the trial court revoked judicial release and imposed a reduced prison sentence in Case Nos. 2003-CR-637H and 2005-CR-639H. *Page 9 
 {¶ 35} We have previously rejected the same argument in the case ofState v. Durant, Stark App. No. 2005 CA 00314, 2006-Ohio-4067, upon similar facts. In Durant, we adopted the reasoning of the Third District Court of Appeals in State v. Mann, Crawford App. No. 3-03-42,2004-Ohio-4703, and held: "[T]here is no requirement under the judicial release statute that the trial court notify a defendant of the specific prison term that may be imposed as a result of a violation of community control following early judicial release. * * * R.C. 2929.20(l) merely reserves the right of the trial court to reimpose the sentence that is reduced pursuant to the judicial release if the defendant violates the sanction." Id. at ¶ 16.
 {¶ 36} Subsequently, in State v. Darst, 170 Ohio App.3d 482,2007-Ohio-1151, at ¶ 35, this Court stated:
 {¶ 37} "Durant points out the distinction between R.C. 2929.15(B),2929.19(B)(5), and R.C. 2929.20(l). R.C. 2929.19(B)(5) specifically requires the trial court to notify a defendant of the exact amount of imprisonment that may be imposed upon a violation of community control. R.C. 2929.20(l) does not specifically require a court to notify a defendant that it reserves the right to impose the remainder of a prison sentence. The defendant has been notified of his or her sentence at a previous hearing and knows already what his or her sentence is and what portion, as of the time of judicial release, remains unserved."
 {¶ 38} Based upon the above precedent, we overrule Defendant's first cross-assignment of error. *Page 10 
 {¶ 39} In his second cross-assignment of error, Defendant argues that his trial counsel rendered ineffective assistance of counsel in failing to object to the prison sentences imposed at the September 22, 2005 and January 17, 2007 hearings.
 {¶ 40} In light of our analysis overruling Defendant's first cross-assignment of error, we find Defendant's claim of ineffective assistance of counsel to be without merit.
 {¶ 41} Therefore, we overrule Defendant's second cross-assignment of error.
 {¶ 42} For the foregoing reasons, this matter is reversed and remanded for resentencing for proceedings consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is reversed and remanded for resentencing. Costs assessed to Defendant-Appellee/Cross-Appellant. *Page 1