OPINION *Page 2 
{¶ 1} Plaintiff-appellant the State of Ohio appeals the September 6, 2007, Community Control Violation Journal Entry entered by the Richland County Court of Common Pleas, which revoked defendant-appellee Nayyohn Johnson's community control and modified his original sentence from 48 months to 40 months.
 STATEMENT OF THE CASE[1] {¶ 2} On March 3, 2003, the Richland County Grand Jury indicted Appellee on one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the second degree. At his arraignment on March 25, 2003, Appellee entered a plea of not guilty to the Indictment. The matter proceeded to jury trial on November 17, 18, and 19, 2003. After hearing all of the evidence and deliberations, the jury found Appellee guilty as charged. The trial court subsequently sentenced Appellee to a mandatory term of imprisonment of four years.
 {¶ 3} On September 13, 2006, the trial court granted Appellee judicial release, suspending the four year prison term and placing Appellee on two years community control. Subsequently, on August 9, 2007, the trial court issued a bench warrant for Appellee's arrest based upon Appellee's violation of the terms of his community control. The trial court conducted a hearing on the violations on September 5, 2007. Appellee waived his right to the hearing and made admissions to all five counts of the community control violation. The trial court found Appellee guilty and sentenced him to forty months with credit for time served. *Page 3 
 {¶ 4} At the commencement of the hearing, the trial court stated, "We've had a lot of discussion here today. The claim is the Defendant has violated community control. The Court has indicated that for an admission, and not just for [an] admission, for the [admission] to all the charges, the Court would send the Defendant back to the institution for an additional six months, and then his time on this case, from the Court's standpoint is finished." September 5, 2007 Hearing at 3. The State did not make any comment during the entire proceeding. Via Community Control Violation Journal Entry filed September 6, 2007, the trial court accepted Appellee's guilty plea to the five counts of community control violations and sentenced Appellee to forty months incarceration with credit for thirty-four months.
 {¶ 5} It is from this judgment entry the State appeals, raising the following assignment of error:
 {¶ 6} "I. THE TRIAL COURT ACTED CONTRARY TO LAW WHEN IT IMPROPERLY MODIFIED THE DEFENDANT'S SENTENCE RATHER THAN REIMPOSING THE SENTENCE THAT WAS SUSPENDED BY JUDICIAL RELEASE."
 I {¶ 7} In its sole assignment of error, the State maintains the trial court erred in failing to reimpose Appellee's original sentence which was suspended as a result of Appellee being placed on community control.
 {¶ 8} We sustain the State's sole assignment of error based upon this Court's previous opinions in State v. James, Richland App. No. 2007-CA-0009, 2008-Ohio-103; and State v. Mitchell, Richland App. No. 2007-CA-0046, 2007-Ohio-6343. *Page 4 
 {¶ 9} The sentence of the Richland County Court of Common Pleas is reversed and the matter is remanded for resentencing in accordance with our opinion and the law.
 Hoffman, P.J., Farmer, J. and Delaney, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the sentence of the Richland County Court of Common Pleas is reversed and the matter is remanded for resentencing in accordance with our opinion and the law.
[1] A Statement of the Facts underlying Appellee's original conviction is not necessary for our disposition of this appeal; therefore, such shall not be included herein. *Page 1