[Cite as *State v. Rose*, 2014-Ohio-5134.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :        JUDGES:
                                       :
                                       :        Hon. William B. Hoffman, P.J.
     Plaintiff-Appellee                :        Hon. Sheila G. Farmer, J.
                                       :        Hon. Patricia A. Delaney, J.
-vs-                                   :
                                       :        Case No. 14CA31
                                       :
CHRISTOPHER ROSE                       :
                                       :
                                       :
                                       :
     Defendant-Appellant               :        O P I N I O N



CHARACTER OF PROCEEDING:                        Appeal from the Richland County Court
                                                of Common Pleas, Case No. 2012 CR
                                                0025 R




JUDGMENT:                                       AFFIRMED




DATE OF JUDGMENT ENTRY:                         November 14, 2014




APPEARANCES:

For Plaintiff-Appellee:                         For Defendant-Appellant:

JAMES J. MAYER, JR.                             JAMES L. BLUNT II
RICHLAND CO. PROSECUTOR                         3954 Industrial Parkway Drive
JOHN C.NIEFT                                    Shelby, OH 44875
38 South Park St.
Mansfield, OH 44902

*Delaney, J.*

{¶1} Appellant Christopher Rose appeals from the March 17, 2014 Community Control Violation Journal Entry of the Richland County Court of Common Pleas. Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3} On January 6, 2012, appellant was charged by indictment with one count of illegal conveyance of weapons or prohibited items onto grounds of specified governmental facility pursuant to R.C. 2921.36(A)(2), a felony of the third degree [Count I]; and one count of drug trafficking pursuant to R.C. 2925.03(A), a felony of the fifth degree [Count II].

{¶4} On April 5, 2012, appellant withdrew his former pleas of not guilty and entered two pleas of guilty as charged. The Admission of Guilt/Judgment Entry states in part, "No promises have been made to me as part of this plea agreement except: community control or nine months in prison to be determined at sentencing."

{¶5} Appellant's sentencing hearing was held on June 13, 2012 and journalized the next day. The trial court sentenced him to a term of 18 months on Count I consecutive to a term of 6 months on Count II; the prison terms were suspended, however, on the condition appellant complied with a 30-month community control sanction.

{¶6} No direct appeal was made from appellant's convictions and sentences.

{¶7}   On October 8, 2012, a Judgement (*sic)* Entry Sanction Violation was filed noting appellant violated conditions of supervision, fining him for offenses of driving under suspension and disorderly conduct by intoxication, and ordering him to pay the fines on or before November 19, 2012.

{¶8}   On October 30, 2013, a six-count complaint was filed alleging appellant violated terms of supervision in light of one conviction of assault, two convictions of driving under suspension, and an act of entering a barn and stealing property including a truck.  (In the latter case, appellant was indicted in Summit County upon charges of breaking and entering and grand theft.)

{¶9}   On February 27, 2014, a three-count complaint was filed alleging appellant violated terms of supervision by cohabiting with a girlfriend without permission of his supervising officer and by causing or attempting to cause serious physical harm to the girlfriend.  Appellant also failed to comply with financial sanctions.

{¶10} On March 17, 2014, the trial court accepted appellant's admission to some of the community control violations and accepted appellee's dismissal of others. Appellant's sentence of 18 months on Count I was imposed, but concurrent with Count II.  The 18-month aggregate prison term was ordered to be served consecutively with appellant's sentences in any other pending criminal cases.

{¶11} On April 15, 2014, appellant filed a pro se notice of appeal from the trial court's Community Control Violation Journal Entry of March 17, 2014.   Appellate counsel was subsequently appointed.

{¶12} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶13} "I.  WHETHER THE TRIAL COURT ERRED BY FAILING TO IMPOSE THE NEGOTIATED PLEA OF NINE MONTHS IN PRISON BY IMPOSING A SENTENCE OF 18 MONTHS."

{¶14} "II.  WHETHER THE DEFENDANT KNOWINGLY AND VOLUNTARILY PLED GUILTY TO THE CHARGES WHEN HE DID NOT UNDERSTAND THAT HIS PRISON SENTENCE COULD BE IN EXCESS OF NINE MONTHS."

**ANALYSIS**

I., II.

{¶15} In his two assignments of error, appellant argues the trial court violated the negotiated plea agreement and his pleas were neither knowing nor voluntary.  We disagree and find appellant's arguments are barred by res judicata.

{¶16} Appellant filed no direct appeal from the trial court's sentencing entry of June 14, 2012, and now argues the sentence violated the agreement he entered with appellee and thus his pleas were neither knowing nor voluntary. Appellant had a prior opportunity to litigate these claims, though, via a timely direct appeal from the sentencing hearing and resulting judgment entry dated June 14, 2012; his most recent round of arguments are therefore barred under the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶17} The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the

defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." Id.

{¶18} We find appellant's arguments regarding his negotiated pleas could have been raised on direct appeal from the trial court's sentencing entry, and res judicata applies even though appellant never pursued a direct appeal. *State v. Barfield*, 6th Dist. No. Nos. L–06–1262, L–06–1263, 2007–Ohio–1037, ¶ 6. See, also, *State v. Jones*, 5th Dist. Richland No. 12CA22, 2012-Ohio-4957; *State v. James*, 5th Dist. Richland No. 2007-CA-0009, 2008 -Ohio- 103.

{¶19} Appellant's two assignments of error are therefore overruled.

### CONCLUSION

{¶20} For the foregoing reasons, appellant's two assignments of error are overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.